STATE OF NEBRASKA, APPELLEE, V. SCOTT T. PROPST, APPELLANT.
424 N.W.2d 136

Filed June 3, 1988.   No. 87-567.

Scott T. Propst, pro se.

Robert M. Spire, Attorney General, and Lynne R. Fritz, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

The defendant, Scott T. Propst, appeals the dismissal of his postconviction relief motion by the Douglas County District Court. On appeal, the defendant assigns as error the district judge's failure to hold an evidentiary hearing before deciding Propst's motion. We affirm.

A defendant seeking postconviction relief has the burden of establishing a basis for such relief, and findings of the district

court denying relief will not be disturbed on appeal unless they are clearly erroneous. Further, when a motion for postconviction relief and the files and records show that a defendant is not entitled to relief, no evidentiary hearing is required. *State v. Scholl*, 227 Neb. 572, 419 N.W.2d 137 (1988); *State v. Rivers*, 226 Neb. 353, 411 N.W.2d 350 (1987); *State v. Galvin*, 222 Neb. 104, 382 N.W.2d 337 (1986).

In his postconviction relief motion, Propst claims a number of errors occurred at his arraignment. For convenience, they will be discussed in the following order:

1. Propst's trial counsel failed to spend sufficient time discussing the case with the defendant.

2. Propst was not served with a copy of the information setting forth the charges against him at least 24 hours prior to arraignment.

3. Propst's counsel was ineffective because: (a) He recommended that the defendant waive his constitutional rights; (b) he failed to assert as a defense that the weapons used in the crimes alleged were incapable of inflicting harm upon the alleged victims; (c) he failed to raise as a defense that due to drugs, the defendant was incapable of forming the required intent to commit the crimes charged; and (d) he failed to inform the trial judge that the defendant was suffering withdrawal from heavy drug use.

4. The trial judge impermissibly participated in Propst's plea agreement by informing the defendant that he would be given credit on his sentence for any time spent in custody prior to sentencing.

5. His court-appointed appellate counsel was ineffective because he failed to raise any of the foregoing claims before the Supreme Court on direct appeal.

Pursuant to a plea agreement, Propst appeared in the Douglas County District Court and entered a guilty plea to each of five counts of robbery. The pleas were accepted by the court after it found a factual basis existed for them. For the guilty pleas, the State agreed not to charge Propst with at least three other robberies, an attempted robbery, and the use of a weapon in the commission of a felony in each robbery. The State further agreed to dismiss charges of still another robbery, a burglary,

and escape, all of which were pending in Douglas County courts.

Ultimately, Propst was sentenced to an indeterminate prison term of not less than 16 nor more than 50 years on each of the first four robberies alleged in the information. Those sentences were ordered to be served concurrently. On the fifth robbery, Propst was sentenced to an indeterminate prison term of not less than 3 nor more than 10 years, with this sentence to be served consecutive to the others. The sentences were affirmed on direct appeal and are not at issue here.

At his arraignment, prior to being asked how he wished to plead to the five robbery charges, Propst was carefully interrogated by the trial judge. Propst told the judge that before appearing in court, he had discussed the robbery charges and his pleas with his court-appointed counsel. He said he was satisfied with his counsel. At no time before or during his arraignment did the defendant ask for additional time to discuss his case with his attorney.

When given the opportunity to ask questions of his own counsel, of the prosecutor, and of the judge, the defendant asked no questions. Initially, the judge explained to Propst the nature and effect of a preliminary hearing and that by pleading guilty to the charges Propst would be waiving his right to a preliminary hearing. The judge also advised Propst that he was entitled to have a copy of the information setting forth the robbery charges served upon him and of the further right to wait 24 hours thereafter before entering his pleas. The defendant specifically waived all of these rights. Propst was further told that by voluntarily entering pleas of guilty, he also waived every defense to the five charges filed against him, whether the defense was procedural, statutory, or constitutional. *State v. Rivers*, 226 Neb. 353, 411 N.W.2d 350 (1987); *State v. Kennedy*, 224 Neb. 164, 396 N.W.2d 722 (1986); *State v. Paulson*, 211 Neb. 711, 320 N.W.2d 115 (1982). The trial judge found that the defendant knowingly, understandingly, intelligently, and voluntarily entered his guilty pleas. After reviewing the original bill of exceptions, we concur with the trial judge's findings. Propst has never claimed his pleas were involuntarily entered. The record affirmatively

negates both Propst's first and second claims of error.

Before asking the defendant how he wanted to plead, the judge also explained to Propst the charges against him, and the various types of pleas he could enter and the consequences of each. The judge explained to the defendant that upon guilty pleas the defendant could be sentenced to not less than 1 nor more than 50 years on each robbery and that the sentences could run consecutively. Propst was told that by pleading guilty, he would waive the right to a speedy trial by a jury of 12 people chosen at random; the right to have his attorney cross-examine the State's witnesses; Propst's right to testify or not as he desired; his right to remain silent; his right to present evidence and subpoena witnesses; the presumption of innocence; and the requirement that the State prove the defendant guilty beyond a reasonable doubt; and that, by pleading guilty, the defendant would be waiving his right to have a hearing outside of the presence of the jury to test the voluntariness of any statement the defendant had given to law enforcement officers, and to determine whether law enforcement officers had properly given the defendant his *Miranda* rights and whether the defendant had voluntarily and intelligently waived them. Propst said he understood that by pleading guilty, he was waiving all of the rights the judge explained to him.

In No. 3(a) of his claimed errors, the defendant states that his trial counsel was ineffective because he recommended that Propst waive his constitutional rights. The record is silent as to whether Propst's counsel did, in fact, make such a recommendation. But even if his counsel did advise Propst to waive his constitutional rights, it would not be grounds for postconviction relief under the circumstances of this case. The record does not reflect any undue influence upon or promises made to Propst to induce him to waive his constitutional rights. This was not the first time Propst had contact with his constitutional rights or with a court. He had previously been convicted of a felony and was out on work release when he committed the crimes charged. Propst was not ignorant. While in prison, he had earned his GED. Further, Propst did not have to follow his attorney's recommendation. It was Propst who told the judge that he understood his constitutional rights and

that he knew and understood what he was doing at his arraignment, and it was Propst who waived his constitutional rights, not his attorney. Propst was not required to follow the advice of his attorney. He cannot now complain that he made a bad choice in waiving his rights. Propst's claimed error No. 3(a) has no merit.

Propst claimed in error No. 3(b) that the weapons he used in committing the robberies were incapable of causing harm. For the crime of robbery, it matters not whether the weapon used is capable of inflicting harm upon a victim. Neb. Rev. Stat. § 28-324(1) (Reissue 1985) provides that "[a] person commits robbery if, with the intent to steal, he forcibly and by violence, *or by putting in fear*, takes from the person of another any money or personal property of any value whatever." (Emphasis supplied.) If the sight of a weapon, whether it is operative or not, instills fear in the victim, that is sufficient. In reciting the underlying facts of the crimes to the court, Propst said that in three of the robberies to which he pled guilty, he used a BB handgun, and in the other two he used a steak knife. In each instance he displayed the gun or knife and demanded money, which the victim gave him. It is implicit in those admitted facts that the victims were placed in fear. Moreover, it is common knowledge that a missile from a BB gun, if it hits a vital spot such as an eye or an eardrum, can inflict serious bodily injury. It is also common knowledge that a steak knife not only can be used to inflict serious bodily injury, but has been used to cause death.

Propst's articulation to the judge of how he committed the crimes charged refutes any validity to claimed error No. 3(c) that the defendant was incapable of forming the intent to steal. Before committing each robbery, Propst availed himself of a weapon, which he used in committing the crimes of robbery. He knew each time he displayed a weapon that it would strike fear in the victim and that the victim would give him the money he demanded. In each robbery, Propst demanded money to take with him, money which he knew was not his. The facts as recited by the defendant himself refute any idea that Propst did not have the capacity to form the intent to steal. Propst's intended purpose of the robberies was to steal money. Under the

facts of this case, as detailed by Propst, it would have been a useless gesture for Propst's trial counsel to claim that at the time the crimes were committed, his client was incapable of forming the intent to steal. Propst's claimed error No. 3(c) is without merit.

In regard to alleged error No. 3(d), the record affirmatively dispels any claim that Propst's trial counsel was ineffective in failing to inform the trial judge that his client was suffering drug withdrawal at the time of the defendant's arraignment. The record clearly shows that Propst knew what was going on at his arraignment, that he understood the rights the judge related to him, that he was coherent, and that he understood and answered questions unhesitatingly, knowingly, and intelligently. The record further affirmatively reflects that the defendant was not under the influence of drugs at the time of his arraignment. Propst, when asked, said he had consumed no drugs within the past 24 hours. Although he had the opportunity to do so, Propst, at the arraignment, did not claim he was under the influence of drugs or suffering from withdrawal. Propst said that he knew and understood what he was doing at his arraignment and that he was in full possession of his faculties. In accepting the defendant's pleas of guilty, the trial judge, who talked with and observed the defendant, found that Propst knowingly, understandingly, intelligently, and voluntarily entered his plea of guilty to each count of the information. There is no merit to Propst's alleged error No. 3(d).

In alleged error No. 4, Propst claims the trial judge impermissibly participated in the plea agreement between the parties by informing the defendant he would be given credit on his sentence for any time spent in custody prior to sentencing. The defendant has taken the judge's remarks out of context. The remark was made during the trial judge's explanation of the possible penalties in the event Propst was found guilty of the robbery charges. Under such circumstances, the remark could not be considered an inducement. Alleged error No. 4 has no merit.

A lawyer, other than his district court counsel, was appointed to represent Propst on his direct appeal. In alleged error No. 5, the defendant claims that his direct appeal counsel was

ineffective because he failed to raise the matters in alleged errors Nos. 1, 2, 3, and 4. We have found that there is no merit to any of the defendant's allegations of error at his arraignment. Since there is no merit to any of those claimed errors, defendant's direct appeal counsel could not be ineffective in failing to raise the matters contained in those alleged errors.

Whether it be a claim against a trial lawyer or a lawyer on direct appeal:

> To assert a successful claim of ineffective assistance of counsel, a defendant must prove (1) that his attorney failed to perform as well as an attorney with ordinary training and skill in the criminal law in the area; (2) that his interests were not conscientiously protected; and (3) that if his attorney had been effective, there is a reasonable probability that the results would have been different.

*State v. Sowell,* 227 Neb. 865, 868, 420 N.W.2d 704, 707 (1988); *State v. Costanzo,* 227 Neb. 616, 419 N.W.2d 156 (1988); *State v. Jackson,* 226 Neb. 857, 415 N.W.2d 465 (1987); *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

The defendant's district court counsel was successful in obtaining a very favorable plea agreement for Propst. At sentencing, defendant's counsel made a most eloquent plea for leniency. The judge noted that Propst had a felony for almost every year since his birth, 16 felonies in 19 years. The defendant began getting into serious trouble when he was 14 years old, and he was sent to the Youth Development Center-Kearney. Propst violated his parole at age 15, was sentenced to adult prison at age 17, and later escaped from there. After the robberies, the sentencing judge found that it was not safe for the people in the community to have Propst walking the streets. In this case, on the five felonies to which he pled guilty, Propst could have received up to 50 years' imprisonment on each robbery, and the sentences could have run consecutively. The sentences on four of the robberies were ordered to run concurrently. The sentence on the fifth robbery, although it is to be served consecutive to the other sentences, was substantially less than the sentences on the other four robberies.

The record discloses that both Propst's trial and appellate

counsel were effective; that they performed as well as any attorney with ordinary training and skill in the criminal law in the area; and that they conscientiously protected Propst's interests. Under all of the circumstances in this case, there is no probability that any other result could be achieved, regardless of what lawyer or lawyers represented the defendant.

It is clear from the record and files that Propst is not entitled to postconviction relief. The district judge was not required to hold an evidentiary hearing. Propst has failed to meet his burden of showing that the findings of the district court are clearly erroneous. The decision of the district court is affirmed.

AFFIRMED.