STATE OF NEBRASKA, APPELLEE, V. ROBERT R. PAINTER, APPELLANT.

426 N.W.2d 513

Filed July 22, 1988.    No. 87-647.

Lavern R. Holdeman and Rick L. Williams, of Peterson Nelson Johanns Morris & Holdeman, for appellant.

Robert M. Spire, Attorney General, and Susan M. Ugai for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

Defendant, Robert R. Painter, has appealed from an order of the district court for Madison County which denied his motion for postconviction relief. The motion to vacate sentence raised three issues on postconviction: (1) whether defendant's confession was coerced; (2) that defendant was incompetent at the time of the proceedings against him and unable to assist in his defense; and (3) ineffective assistance of counsel.

In January of 1986, the defendant was charged with sexual assault of a child, a Class IV felony, in violation of Neb. Rev. Stat. § 28-320.01 (Reissue 1985). On February 10, 1986, defendant entered a plea of guilty to that charge pursuant to a plea agreement in which the State agreed to refrain from charging Painter with first degree sexual assault, a Class II felony, and to not recommend a specific term of incarceration regarding a probation violation. Painter was sentenced to a term of not less than 20 months' nor more than 5 years' imprisonment in connection with the sexual assault on a child conviction.

Further, following revocation of his probation due to the sexual assault conviction, he was sentenced to the same term for the earlier conviction for aiding and abetting the commission of a theft. The court ordered, as part of the second sentence, that the two sentences would be served consecutively. The two cases involved were consolidated on direct appeal, and the convictions and sentences were affirmed by this court in all respects. *State v. Painter*, 223 Neb. 808, 394 N.W.2d 292 (1986).

Painter was granted an evidentiary hearing on his postconviction motion and was represented by counsel in those proceedings. The district court granted the State's motion to dismiss the first two issues raised by the postconviction petition, the coerced confession issue and the alleged incompetence of the defendant at the time of his conviction for sexual assault on a child. The evidentiary hearing proceeded, and further

evidence was adduced on the third issue of ineffective assistance of counsel.

On this appeal Painter assigns one general error. Appellant alleges that the district court erred in failing to vacate the judgment and sentence imposed upon Painter, as the same were void or voidable under the Constitutions of the United States and the State of Nebraska. From that vague assigned error it is difficult to tell whether the appellant takes issue with the court's decision to dismiss the first two grounds of relief in the petition or if the only error complained of is the court's ruling on the ineffective assistance of counsel claim. In any event, we can dispose of any claimed errors as to the court's ruling on the first two issues in the petition by referring to our longstanding rule that a motion for postconviction relief may not be used to obtain review of issues which could have been raised on direct appeal. *State v. Rivers*, 226 Neb. 353, 411 N.W.2d 350 (1987). The questions of coerced confession and the defendant's competence could have been raised on direct appeal and cannot be the basis for postconviction relief. Aside from that rule, the district court did review the deposition evidence introduced by defendant on those issues and made specific findings against the defendant as to those claims. For those reasons, any alleged error based on the court's order dismissing the first two grounds of relief are without merit.

Appellant's principal basis for relief on postconviction is a claim of ineffective assistance of counsel. Painter alleges that his counsel failed to adequately investigate the case, failed to request an evaluation to determine Painter's competence at the time of arraignment and sentencing, and failed generally to render effective assistance in preparing Painter's case and his defenses thereto.

A defendant seeking postconviction relief has the burden of establishing a basis for such relief, and the findings of the district court will not be disturbed on appeal unless clearly erroneous. *State v. Rivers, supra*; *State v. Fries*, 224 Neb. 482, 398 N.W.2d 702 (1987).

"When the defendant in a postconviction motion alleges a violation of his constitutional right to effective assistance of counsel as a basis for relief, the standard for

determining the propriety of the claim is whether the attorney, in representing the accused, performed at least as well as a lawyer with ordinary training and skill in the criminal law in the area. Further, the defendant must make a showing of how the defendant was prejudiced in the defense of his case as a result of his attorney's actions or inactions."

*State v. Broomhall*, 227 Neb. 341, 343, 417 N.W.2d 349, 351 (1988).

To assert a successful claim of ineffective assistance of counsel, a defendant must prove (1) that his attorney failed to perform as well as an attorney with ordinary training and skill in the criminal law in the area; (2) that his interests were not conscientiously protected; and (3) that if his attorney had been effective, there is a reasonable probability that the results would have been different. *State v. Propst*, 228 Neb. 722, 424 N.W.2d 136 (1988); *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

The *Strickland* standard for evaluating claims of ineffective assistance of counsel applies to ineffective assistance claims arising out of the plea bargaining process as well as the usual criminal trial context. *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). The "prejudice" requirement enunciated in the *Strickland* test "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. at 59. "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

Painter's ineffective assistance claim is based generally on counsel's alleged failure to adequately investigate his case. Specifically, that failure to investigate includes (1) failure to interview key witnesses and (2) failure to obtain an independent assessment of Painter's competence.

In *Strickland*, the Supreme Court stated that the duty to investigate can be defined as "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." 466 U.S. at 691. The

reasonableness of a decision not to investigate is to be judged according to the circumstances of each case, with great deference given to the attorney's decision. *Strickland v. Washington, supra.*

Given the above-stated standard, and for additional reasons to follow, we hold that the district court properly rejected Painter's postconviction claim. First, we note that Painter has not alleged what outcome-altering facts or evidence would likely have been discovered by his counsel had the child victims, their mother, or Sharon Nore (employee of the domestic task force) been independently interviewed. "[T]he determination whether [counsel's] error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." *Hill v. Lockhart, supra* at 474 U.S. at 59.

As stated earlier in this opinion, Painter bore the burden in these proceedings of setting forth factual allegations that could have been discovered by these independent interviews which would have altered his decision to plead guilty and led him to insist on a trial. Painter has merely set forth a conclusionary allegation that his counsel failed to adequately delve into a "number of inconsistencies between the story of the children and what the office [sic] reported what he felt to be the facts." Nowhere has Painter set forth the substance of these alleged inconsistencies. It is therefore impossible to determine whether there is a reasonable probability that his decision to plead would have been different.

Painter's trial counsel admitted at the postconviction hearing that he did not interview the child victims, their mother, or Sharon Nore. He did, however, obtain and review the police reports and went over the evidence and facts with his client. His testimony indicates that Painter's recitation of the facts was "mostly consistent" with the police reports. From this record it is logical to assume that trial counsel reasonably believed that further investigation and extensive witness interviews would not lead to any unknown or exculpatory facts. Under the circumstances we believe that counsel's investigation was sufficient.

The second prong of Painter's ineffective assistance claim alleges that trial counsel was ineffective for failing to request an evaluation of Painter's competence at the time of arraignment and sentencing.

A defendant is competent to plead or stand trial if he has the capacity to understand the nature and object of the proceedings against him, to comprehend his own condition in reference to such proceedings, and to make a rational defense. *State v. Tully*, 226 Neb. 651, 413 N.W.2d 910 (1987).

At the postconviction hearing, Painter's trial counsel testified that he was aware of the above-stated rule as to competency and that in his opinion Painter met those tests for competency. Counsel testified that

> [a]fter considering his demeanor, his discussions with me, feedback he gave me, the level of the discussions, and the nature of the rhetoric used, it was my opinion that he understood fully what the proceedings were about and how they were affecting him. I believe his decisions, which he always made the final decision, were his own.

In addition, the bill of exceptions from the trial and sentencing court clearly shows that the court informed the defendant of his constitutional rights and examined the defendant to determine that he understood those rights as required by the *Boykin-Turner* rule set forth in *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986). The record from the trial court in this case is clearly sufficient to support an implicit finding by that court that Painter was competent at the time he entered his plea.

Painter's deposition indicates, at least at one point, that he did not understand what he was charged with when being questioned by the court. At another point, upon further questioning, he stated that, yes, he did know the nature of the charges. This testimony was hardly conclusive on the issue.

The only additional evidence offered by Painter which might have shed any light on his competence was the deposition of a clinical psychologist, William R. Stone, Jr., who was retained for purposes of the postconviction proceedings. That deposition, however, contains no opinions as to Painter's competence at the time of his plea or sentencing. Admittedly,

there is testimony that Painter is only "one percentile [or so]" above mental retardation; however, mental retardation does not necessarily imply incompetence to plead or stand trial. *State v. Tully, supra; State v. Bradford*, 223 Neb. 908, 395 N.W.2d 495 (1986). Stone's deposition dealt largely with whether Painter was an individual who was subject to suggestibility. In fact, Stone stated: "I did not talk to him about the offense or anything relating to that. I talked to him briefly about the statement that he had made and about his subsequent admission of guilt on the sexual assault charge."

Given trial counsel's judgment of his client's abilities, coupled with the plea and the sentencing court's implicit determination of Painter's competence, we believe that counsel's decision not to have his client evaluated was reasonable under the circumstances as they existed at the time. Stone's evaluation sheds no light on Painter's competence at the time he entered his plea or was sentenced. Any factual dispute regarding what Painter did or did not understand is left to the determination of the district court. We cannot say that the district court decision was clearly erroneous, given the record in this case. The judgment of the district court is affirmed.

AFFIRMED.