STATE OF NEBRASKA, APPELLEE, V. DOUG ANTHONY HARTON, APPELLANT.

430 N.W.2d 313

Filed October 14, 1988.   No. 88-446.

Craig D. Wittstruck, of Berry, Anderson, Creager & Wittstruck, P.C., for appellant.

Robert M. Spire, Attorney General, and Lynne R. Fritz for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

Defendant-appellant, Doug Anthony Harton, pursuant to his plea, was adjudged guilty of second degree murder in violation of Neb. Rev. Stat. § 28-304 (Reissue 1985), and was thereafter sentenced to imprisonment for a period of 35 years. More than 5 years later, he moved for vacation of the judgment and sentence under the provisions of the Postconviction Act, Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1985). Following an evidentiary hearing, the motion was denied. In this court, Harton assigns as error the postconviction hearing court's determination that the evidence fails to establish his plea was invalid because of the ineffective assistance of counsel. We affirm.

The record reveals that Harton and the victim shared living quarters and certain possessions. On the night in question, Harton, after spending some time consuming alcohol, went to the apartment the victim occupied and asked for the return of a radio he had loaned to the victim. Harton claims that during the course of the altercation which ensued, the victim came at him with a knife. Harton admitted that he had stabbed the victim more than once; in point of fact, the victim's body displayed multiple penetrating stab wounds, including wounds into the heart, left lung, left hip, and right forearm. Examination of

Harton showed no signs of physical violence; not only did he not display any stab wounds, he displayed no abrasions.

Harton was originally charged with felony murder, in violation of Neb. Rev. Stat. § 28-303(2) (Reissue 1985), by killing while perpetrating or attempting to perpetrate a robbery. Such an offense constitutes murder in the first degree and is punishable by life imprisonment or death. Neb. Rev. Stat. §§ 28-105 (Reissue 1985) and 28-303. Harton's attorney persuaded the State that it could not prove such a charge, inasmuch as the radio which precipitated the altercation and killing belonged to Harton. The State capitulated to that argument and filed an amended information charging Harton with first degree murder, in violation of § 28-303(1), by killing purposely and with deliberate and premeditated malice, an offense also punishable by life imprisonment or death. Ultimately, Harton pled guilty to second degree murder by killing intentionally but without premeditation in violation of § 28-304. Such an offense is punishable by imprisonment for a period ranging from 10 years to life. §§ 28-105 and 28-304.

Harton claims his attorney coerced the plea by stating that he had discussed the sentence with the prosecutor and judge and by promising that the sentence would not exceed 15 years or, according to another of Harton's versions, 20 years. Harton also claims that his attorney instructed him to answer in the negative any question put to him by the judge as to whether any promises were made to him to induce his plea. Harton argues that by representing he had discussed the sentence to be imposed with the prosecutor and judge, by making the aforedescribed promise, and by instructing him as aforesaid, his attorney was ineffective, thereby rendering his plea involuntary and thus invalid.

The voluntariness of a plea entered upon the advice of counsel depends on whether the advice was within the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). We have said that to assert a successful claim of ineffective assistance of counsel, a criminal defendant must prove (1) that his or her attorney failed to perform as well as an attorney with ordinary training and skill in the criminal law in the area; (2)

that the defendant's interests were not conscientiously protected; and (3) that if the defendant's attorney had been effective, there is a reasonable probability that the results would have been different. *State v. Painter*, 229 Neb. 278, 426 N.W.2d 513 (1988); *State v. Propst*, 228 Neb. 722, 424 N.W.2d 136 (1988); *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In order to satisfy the third, or prejudice, requirement in the context of a plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, defendant would not have pled and would have insisted upon going to trial. *Hill v. Lockhart, supra*. A reasonable probability consists of a probability sufficient to undermine confidence in the outcome. *State v. Broomhall*, 227 Neb. 341, 417 N.W.2d 349 (1988).

Assuming, but not deciding, that if Harton's claim were proved his attorney would be shown to have been ineffective, the fact of the matter is that the attorney denies he made the statement, gave the promise, or instructed Harton as the latter claims. The attorney further testified that in view of the lack of defensive wounds on Harton, he was "not especially optimistic" about the successful use of a self-defense claim and that he so advised Harton. The attorney also testified that because of Harton's past violent criminal history, he thought a conviction for first degree murder carried with it the potential of a death sentence, and that such a potential did not exist with a conviction for second degree murder. The range of penalties for second degree murder was explained to Harton, and he was only assured that the very best would be done to persuade the court to not impose the maximum sentence of life imprisonment. The attorney also advised Harton that it was not possible to plead to a charge of manslaughter as Harton desired because efforts to persuade the prosecutor to so amend the charge had been unsuccessful.

The disposition of this case is controlled by the rule that a criminal defendant seeking postconviction relief has the burden of establishing a basis for such relief and that the finding of the hearing court will not be disturbed unless clearly erroneous. *State v. Painter, supra*; *State v. Propst, supra*.

The hearing court resolved the evidentiary conflicts against

Harton, and there is nothing in the record which permits us to say that resolution was wrong. That being so, the record fails to support Harton's claim that his attorney was ineffective. Thus, the decision of the hearing court must be, and hereby is, affirmed.

AFFIRMED.