STATE OF NEBRASKA, APPELLEE, V. DWIGHT E. REDDICK, APPELLANT.

430 N.W.2d 542

Filed October 21, 1988.   No. 87-941.

Dwight E. Reddick, pro se.

Robert M. Spire, Attorney General, and LeRoy W. Sievers for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

Defendant, Dwight E. Reddick, appeals the denial of an evidentiary hearing and dismissal of his motion, made under the provisions of the Postconviction Act, Neb. Rev. Stat. §§ 29-3001 through 29-3004 (Reissue 1985), to vacate or set aside the judgment affirmed in *State v. Reddick*, 221 Neb. 322, 376 N.W.2d 797 (1985) (*Reddick I*). He has assigned six errors to the ruling on his postconviction motion, which meld to assert that the postconviction court erred in denying him an evidentiary hearing and dismissing his motion, inasmuch as the records and files establish that the trial court erred (1) in failing to dismiss the public defender and appoint substitute counsel because of the public defender's conflict of interest and failure to zealously pursue Reddick's defense and (2) in failing to find one of the trial judges to have lacked impartiality. Reddick has also filed a motion to expand the record, claiming that a certain statement made by him has been omitted from the trial court bill of exceptions. We overrule Reddick's motion and affirm the postconviction court's judgment dismissing his motion for postconviction relief.

Reddick, pursuant to his no contest plea, was adjudged guilty of attempted first degree sexual assault. He was thereafter determined to be a nontreatable mentally disordered sex offender and sentenced to imprisonment. Reddick's direct appeal of his conviction and sentence to this court in *Reddick I* resulted in the rejection of his claims that the trial court had erred in finding his condition to be nontreatable and in finding constitutional the requirement of Neb. Rev. Stat. § 29-2914 (Reissue 1985) that nontreatable mentally disordered sex offenders be imprisoned.

We begin by recalling that a defendant seeking postconviction relief has the burden of establishing a basis for such relief, *State v. Harton, ante* p. 167, 430 N.W.2d 313 (1988), and *State v. Painter,* 229 Neb. 278, 426 N.W.2d 513

(1988), which is available only when a constitutional right has been infringed or violated. *Kerns v. Grammer*, 227 Neb. 165, 416 N.W.2d 253 (1987); § 29-3001.

Reddick's first claimed trial error rests on the fact that he wrote a number of letters to the trial judges, complaining about the representation afforded him by the attorneys assigned to him through the office of the Lancaster County public defender, and that he questioned the ethics of one of those attorneys. He argues that these complaints, coupled with his unsuccessful effort to have substitute counsel appointed, created a conflict of interest between his appointed attorneys and himself such as to have deprived him of the effective assistance of counsel.

There is no question but that a criminal defendant has a constitutional right not only to counsel, but to the effective assistance of counsel. *State v. Scholl*, 227 Neb. 572, 419 N.W.2d 137 (1988); *State v. Grotzky*, 222 Neb. 39, 382 N.W.2d 20 (1986); U.S. Const. amend. VI.

The voluntariness of a plea entered upon the advice of counsel depends on whether the advice was within the range of competence demanded of attorneys in criminal cases. *State v. Harton, supra*; *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). We have said that to assert a successful claim of ineffective assistance of counsel, a criminal defendant must prove (1) that his or her attorney failed to perform as well as an attorney with ordinary training and skill in the criminal law in the area; (2) that the defendant's interests were not conscientiously protected; and (3) that if the defendant's attorney had been effective, there is a reasonable probability that the results would have been different. *State v. Harton, supra*; *State v. Painter, supra*; *State v. Propst*, 228 Neb. 722, 424 N.W.2d 136 (1988); *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In order to satisfy the third, or prejudice, requirement in the context of a plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, defendant would not have pled and would have insisted upon going to trial. *State v. Harton, supra*; *Hill v. Lockhart, supra*. A reasonable probability consists of a probability sufficient to undermine confidence in the outcome.

*State v. Harton, supra*; *State v. Broomhall*, 227 Neb. 341, 417 N.W.2d 349 (1988).

The phrase "conflict of interest" denotes a situation in which regard for one duty tends to lead to disregard of another; a conflict of interest places a defense attorney in a situation inherently conducive to divided loyalties. *State v. Nance*, 227 Neb. 581, 418 N.W.2d 598 (1988). Assuming for purposes of argument, but not concluding, that Reddick's complaints against his attorneys created the awkward situation he claims, there is nothing to indicate that this situation was "inherently conducive to divided loyalties." If anything, the attorneys' best defense against Reddick's allegations would have been made by providing Reddick with the very best defense to the criminal charges facing him that was possible. Thus, Reddick's interests and those of his attorneys were in harmony, not at odds.

The fact that Reddick may have been uncomfortable with the situation he himself created provides no basis for the appointment of substitute counsel. The right of an indigent defendant to have counsel does not give such a defendant the right to be represented by counsel of his or her own choosing, and the mere distrust of, or dissatisfaction with, appointed counsel is not enough to secure the appointment of substitute counsel. *State v. McCoy*, 228 Neb. 178, 421 N.W.2d 780 (1988); *State v. Jones*, 213 Neb. 1, 328 N.W.2d 166 (1982).

The record not only fails to demonstrate the conflict of interest claimed by Reddick, but demonstrates that the attorneys assigned to represent him competently protected his interests. Indeed, in entering his plea Reddick himself told the trial judge then presiding that the attorney representing and appearing with him was competent and had performed satisfactorily. It is noteworthy that Reddick had originally been charged with a second offense, that of using a firearm in the commission of a felony, which was dismissed as part of his negotiated plea.

An evidentiary hearing may properly be denied on a motion for postconviction relief when the records and files in the case affirmatively establish that defendant is entitled to no relief. *State v. Propst, supra*; *State v. Galvan*, 222 Neb. 104, 382 N.W.2d 337 (1986). The records and files affirmatively show

Reddick was not deprived of the effective assistance of counsel; he therefore is not entitled to relief on the claimed ground. Thus, the first assignment of error is without merit.

Reddick next argues that one of the trial judges should have disqualified himself as Reddick requested because the questioned judge, while serving as a deputy county attorney, had prosecuted Reddick in a different case several years earlier. The gravamen of Reddick's contention appears to be that the failure of said judge to disqualify himself offended Reddick's constitutional right to due process of law by depriving him of an impartial judge.

The first difficulty Reddick encounters is that this is an issue which could have been raised in his direct appeal. It is the well-settled rule in this state that a motion for postconviction relief may not be used to obtain review of issues which could have been raised on direct appeal. *State v. Painter*, 229 Neb. 278, 426 N.W.2d 513 (1988). Moreover, a voluntary plea of no contest waives every defense to the charge, whether the defense is procedural, statutory, or constitutional, except the defenses that the information is insufficient to charge an offense and that the plea was the result of ineffective assistance of counsel. *State v. Maeder*, 229 Neb. 568, 428 N.W.2d 180 (1988); *State v. Falcone*, 212 Neb. 720, 325 N.W.2d 160 (1982). Additionally, the record shows that while the trial judge in question overruled Reddick's motion to discharge the lawyers assigned to him and appoint substitute counsel, and refused to release Reddick on his own recognizance, that judge had nothing to do with accepting Reddick's plea or determining his status or sentence. Moreover, a motion to disqualify a judge on the ground of bias or prejudice is addressed to the judge's sound discretion, and an order overruling such a motion will ordinarily be affirmed on appeal unless the record establishes bias or prejudice as a matter of law. *State v. Bird Head*, 225 Neb. 822, 408 N.W.2d 309 (1987). A judge is not disqualified merely because he at some earlier time prosecuted the criminal defendant appearing before him. See, *State v. Bird Head, supra*; *State v. Burnside*, 185 Neb. 234, 175 N.W.2d 1 (1970). Thus, even if the issue could be raised at this time, the trial record would fail to establish error in the failure of the questioned judge to disqualify himself and,

consequently, would present no basis for granting postconviction relief. Accordingly, the second assignment of error is also without merit.

This brings us to Reddick's motion that the record be expanded. In essence, he claims that the trial bill of exceptions, as considered by the postconviction court, is deficient in that it does not contain a statement he made under oath. Specifically, he claims to have testified that he had heard from one of his attorneys that the prosecuting attorney expressed the belief that Reddick's victim lied when she said she had not engaged in prostitution. Assuming for the purposes of argument, but not finding, that Reddick so testified and that for some reason the testimony was omitted from the trial bill of exceptions, such occurrences would not change the outcome of this proceeding. The prosecutor's hearsay belief as to the victim's truthfulness, whatever it may have been, is not shown by the record and could have nothing to do with Reddick's decision to plead no contest to the attempted sexual assault, for the prosecutor's belief would not have been admissible in a trial should Reddick have chosen to forgo the benefit of the plea bargain. This resolution must not be read, however, as indicative of any dilution of this court's absolute intolerance of any editing of the record by anyone.

Accordingly, Reddick's motion to expand the record is overruled, and the judgment of the postconviction court denying Reddick's motion for postconviction relief is affirmed.

AFFIRMED.