IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. OSBORNE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ALEC JOSIAH OSBORNE, APPELLANT.

Filed June 9, 2020.    No. A-19-879.

Appeal from the District Court for Hall County: MARK J. YOUNG, Judge. Affirmed.

Janice I. Reeves, of Truell, Murray & Associates, for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.

PIRTLE, BISHOP, and ARTERBURN, Judges.

PIRTLE, Judge.

## INTRODUCTION

Alec Josiah Osborne appeals his plea-based convictions and sentences in the district court for Hall County for possession of a controlled substance and possession of marijuana with the intent to distribute in a school zone. Osborne claims that the district court judge erred by not recusing himself and by imposing an excessive sentence. He also claims that his trial counsel provided ineffective assistance. Based on the reasons that follow, we affirm Osborne's convictions and sentences.

## BACKGROUND

Osborne was charged with count I, possession of a controlled substance; count II, possession of marijuana with the intent to distribute in a school zone; count III, possession of money in violation of drug statutes; and count IV, child abuse. At his initial arraignment, Osborne pled not guilty to all charges.

- 1 -

On June 17, 2019, as part of a plea agreement, Osborne pled no contest to count I, possession of a controlled substance, and count II, possession of marijuana with the intent to distribute in a school zone. Osborne also admitted to a violation of the terms of his probation in a separate case. In exchange for Osborne's pleas to counts I and II, and his admission to the probation violation, the State agreed to dismiss counts III and IV. The State also agreed to recommend a maximum of 6 years' imprisonment, not pursue further charges related to two separate incidents involving Osborne, and to release the money associated with count III of the information.

At the plea hearing, the State provided the following factual basis for the charges:

[O]n October 25, 2018, law enforcement responded to . . . Beal Street to do a welfare check on a young child riding a bike with no shoes or coat. The juvenile resided with the Defendant, Alec Osborne, and Saquoia Pavlik. Officers contacted [Osborne] at his and Pavlik's apartment and immediately detected the odor of marijuana.

Pavlik granted permission to search the residence inside. Officers located a large sum of cash and plant material substance later to be confirmed to be 1.1 grams of psilocybin and 162.71 grams of marijuana.

A download of the Osborne/Pavlik phones revealed conversations with Osborne and Pavlik offering to sell marijuana to other individuals both in their residence and at other locations. The residence of [Osborne] was approximately 318 feet from Lincoln Elementary School of Hall County, Nebraska.

Prior to accepting Osborne's pleas, the district court informed him of the rights he would be giving up if his pleas were accepted, and the possible sentences that could be imposed. The district court found beyond a reasonable doubt that Osborne understood the nature and the elements of the charges; his rights in connection with the charges; and the consequences of his pleas. The district court also found that Osborne's pleas were entered freely, voluntarily, knowingly, and intelligently; and that there was a factual basis to support his pleas. Osborne was found guilty of counts I and II of the information, and of violating his probation in the separate case. A presentence investigation was ordered.

A sentencing hearing took place on August 13, 2019, and the district court sentenced Osborne to 1-2 years' imprisonment on count I and 6-15 years' imprisonment on count II. Osborne was also sentenced to 2-3 years' imprisonment on the separate probation revocation. The sentences on counts I and II were ordered to be served concurrently, with the probation revocation served consecutively. Osborne was given credit for 28 days' time served on counts I and II.

## ASSIGNMENTS OF ERROR

Osborne assigns (1) that the district court erred when the trial judge did not recuse himself; (2) that the district court abused its discretion by imposing an excessive sentence; and (3) that his trial counsel provided ineffective assistance by failing to conduct a proper pretrial investigation and failing to seek recusal of the district court judge.

## STANDARD OF REVIEW

An appellate court may find plain error on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Munoz*, 303 Neb. 69, 927 N.W.2d 25 (2019).

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *State v. Russell*, 299 Neb. 483, 908 N.W.2d 669 (2018).

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019).

## ANALYSIS

### RECUSAL OF TRIAL JUDGE

Osborne first contends that the district court erred when the trial judge did not recuse himself from Osborne's case. We disagree. Notably, Osborne never filed a motion for recusal prior to sentencing, which is conceded in his allegations of ineffective assistance of trial counsel. Because the matter was not raised to the district court, we review only for plain error. In the absence of plain error, where an issue is raised for the first time in an appellate court, it will be disregarded inasmuch as a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition. *State v. Munoz, supra*.

Osborne contends that the district judge for the Hall County District Court should have recused himself from Osborne's case sua sponte because he previously recused himself, on his own motion, from an earlier case involving Osborne. Osborne argues that the standard for recusal "is satisfied in this case because there is clear and convincing proof necessary to overcome the presumption of impartiality and the record clearly establishes prejudice as a matter of law." Brief for appellant at 12. This alleged bias and prejudice stems from the judge's apparent involvement as a prosecutor in a matter involving Osborne and certain comments made by the judge at sentencing that Osborne claims demonstrate "personal knowledge or bias" toward him. *Id*. Based on the record before us, we find no plain error by the district judge for failing to recuse himself from Osborne's case.

There exists a presumption of judicial impartiality, and a party alleging that a judge acted with bias or prejudice bears a heavy burden of overcoming that presumption. *In re Interest of Jamyia M.*, 281 Neb. 964, 800 N.W.2d 259 (2011). Here, Osborne alleges that certain comments made by the judge at sentencing demonstrate personal bias. At sentencing, the judge stated on the

record: "Mr. Osborne, you know, I am aware of your family situation and I am aware of the presentence investigation report."

Nothing from this statement demonstrates a personal bias against Osborne stemming from the judge's previous involvement as a prosecutor in an unrelated case. Notably, the State points out that "there is no evidence in the record regarding [the judge's] involvement in Osborne's 2013 criminal case." Brief for appellee at 12. It is incumbent upon an appellant to supply a record which supports his or her appeal. *State v. Robinson*, 287 Neb. 799, 844 N.W.2d 312 (2014). However, even assuming as fact that the district judge was previously involved in prosecuting Osborne, we find no evidence of bias that would have required the judge to recuse himself from Osborne's case sua sponte. A judge is not disqualified merely because he at some earlier time prosecuted the criminal defendant appearing before him. *State v. Reddick*, 230 Neb. 218, 430 N.W.2d 542 (1988). Instead, Neb. Rev. Code of Judicial Conduct § 5-302.11(A) provides, in part:

> A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:
>
> (1) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding.

First, the judge's comments relating to Osborne's "family situation" do not demonstrate a personal bias or prejudice that would reasonably lead one to question his impartiality. Absent extraordinary circumstances, in order to disqualify a judge based upon the appearance of impropriety, the bias and prejudice must stem from a nonjudicial source and not from what the judge learned from his or her prior involvement in the defendant's case or cases that concerned parties or witnesses in the defendant's case. *State v. Collins*, 283 Neb. 854, 812 N.W.2d 285 (2012).

The record before us, including the presentence investigation report (PSR) available to the district judge prior to sentencing, reveals a significant amount of detail related to Osborne's family, including that he has two children with his codefendant and girlfriend, Pavlik; the fact he and Pavlik were expecting another child at the time; and Osborne's previous strangulation conviction involving Pavlik as the victim. There is nothing to indicate that the judge's one-off comment was related to information he obtained outside of the PSR or comments made at sentencing by the prosecutor or Osborne's own attorney.

Osborne also argues that the district judge's comment that another judge previously "gave [Osborne] a shot at probation again" demonstrates personal bias because it reflects the judge's "disagreement with the prior sentence." Brief for appellant at 13. We disagree. Along with the charges from the instance case, Osborne was also before the district judge on a probation violation in a separate matter. At sentencing, Osborne's trial counsel also requested that Osborne be sentenced to a period of probation. The judge's comment does nothing more than recognize that Osborne had previously been given an opportunity at serving a period of probation rather than incarceration, and that he was unsuccessful in doing so. We cannot say that this demonstrates any personal bias against Osborne.

Finally, Osborne argues that the district judge's comments at sentencing "do[] not accurately reflect what was stated in the factual basis" and demonstrate a personal bias against Osborne. Brief for appellant at 13. We disagree. At sentencing, the judge mentioned that Osborne's two year old child was "wandering around unsupervised," leading to the child abuse charge in this matter, and that Osborne was "selling dope in front of a school" when he was offering to sell marijuana from his apartment, located approximately 318 feet from an elementary school. We find no merit in Osborne's argument that these comments distort the factual basis for the charges, or that they otherwise demonstrate a personal bias by the judge. It was not plain error for the district judge to fail to recuse himself from Osborne's case, and this argument fails.

## EXCESSIVE SENTENCES

Osborne next argues that the district court imposed excessive sentences. We find that the district court did not abuse its discretion in sentencing Osborne.

Under Neb. Rev. Stat. § 28-416(3) (Cum. Supp. 2018), possession of a controlled substance is classified as a Class IV felony. A Class IV felony, under Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 2018), is punishable by up to 2 years' imprisonment and 12 months' postrelease supervision, a $10,000 fine, or both, with no minimum sentence. The district court sentenced Osborne to 1-2 years' imprisonment on the charge of possession of a controlled substance.

Under § 28-416(1)(a) and (4)(a), possession of marijuana with the intent to distribute in a school zone is a Class II felony. A Class II felony, under § 28-105(1), is punishable by imprisonment for a minimum of 1 year and a maximum of 50 years. The district court sentenced Osborne to 6-15 years' imprisonment on the charge of possession of marijuana with the intent to distribute in a school zone.

Additionally, the district court sentenced Osborne to 2-3 years' imprisonment on the separate probation revocation. The sentences on counts I and II were ordered to be served concurrently with each other and consecutive to the sentence on Osborne's probation revocation. Osborne was given 28 days' credit for time served on counts I and II.

Osborne's sentences are well within the statutory limits. Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentences to be imposed. *State v. Smith*, 302 Neb. 154, 922 N.W.2d 444 (2019). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, (6) motivation for the offense, (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

Osborne argues that the district court abused its discretion "because it did not seriously consider the jointly negotiated plea agreement made between the State and [Osborne]." Brief for appellant at 11. We disagree. A judge is not bound to give a defendant the sentence recommended by a prosecutor under a plea agreement. *State v. Leahy*, 301 Neb. 228, 917 N.W.2d 895 (2018).

Without further developing his argument, Osborne urges us to find an abuse of discretion simply because the district court did not adhere to the joint recommendation of a maximum sentence of 6 years on the charge of possession of marijuana with the intent to distribute in a school zone. We find no merit in this argument. The record reflects that Osborne was specifically informed that the district court was not bound to the State's recommendation at sentencing:

> THE COURT: Do you understand that plea agreements aren't binding on the Court?
>
> (Whereupon, there was an off-the-record discussion.)
>
> THE COURT: Mr. Osborne, let me try. You have made an agreement with the County Attorney's Office. You didn't make an agreement with me or any other district judge in terms of what will happen at sentencing. Do you understand that?
>
> [OSBORNE]: Yes, sir.
>
> THE COURT: Do you understand the fact the State has agreed to make a recommendation to me does not mean I am required to follow that recommendation?
>
> [OSBORNE]: Yes, sir.
>
> THE COURT: Do you have any questions about that that you want to talk to [your attorney] about, Mr. Osborne?
>
> [OSBORNE]: No, sir.

At the sentencing hearing, Osborne's trial counsel was given the opportunity to speak to Osborne's work ethic; his familial circumstances, including that Osborne is the father to two children, with a third on the way; his motivation to succeed if placed on probation; and his law-abiding conduct over the year since the incident giving rise to the charges. Osborne was also given the opportunity to speak:

> [OSBORNE]: I just want to say it's up to my consequences that I did. I know they weren't right. I'm just trying to change to be a better man, to be a father to my kids, my girlfriend. Trying to find God in my life. I have been attending Abundant Life as much as I could. I was working 60 hours a week. About two weeks ago, my job wouldn't give me time off. I had to take two weeks off so I could get things settled for my kids. I'm about to have another kid here soon. That's all.

While the State acknowledged its agreement to recommend concurrent sentences and a maximum of 6 years' imprisonment, the prosecutor did not believe Osborne was an appropriate candidate for probation, largely due to his criminal history and unsuccessful probation terms.

Prior to announcing the sentence for each charge, the district court acknowledged that it had considered the various factors set forth by the Nebraska Supreme Court, and other applicable legal principles, including Osborne's age; mentality; education and experience; social and cultural background; past criminal record; the motivation, nature, and violence of the offenses; and the information contained within the presentence investigation. The district court specifically noted:

> THE COURT: Mr. Osborne, on May 23, 2018, you stood in front of Judge Luther and I am sure said exactly what you said today. You probably had great family support back then, too. She gave you a shot at probation again.

Five months later, your two year old is out wandering around unsupervised. That leaves officers to discover that you are selling dope. Not only are you selling dope, you are selling dope in front of a school.

I am looking at the presentence investigation, Mr. Osborne. It's disappointing that you really did none of the things on probation that you needed to do.

While [your attorney] is correct that you have not had any new violations that I am aware of, you didn't take that year's opportunity to get treatment done or any of the other things.

I am particularly concerned that it appears the reason you chose to sell drugs next to a school is because you wanted extra money.

The presentence investigation report reveals that Osborne has a criminal history that includes convictions for assault, criminal mischief, burglary, robbery, and strangulation. The Level of Service/Case Management Inventory, a diagnostic "assessment tool designed specifically to determine the degree of risk the defendant presents to recidivate" reveals that Osborne scored in the "high" or "very high" range in seven of eight categories, making Osborne very likely to recidivate.

The record does not indicate that the court considered any improper factors in sentencing Osborne, and we find that the district court did not abuse its discretion in imposing a sentence of 1-2 years' imprisonment on the charge of possession of a controlled substance and 6-15 years' imprisonment on the charge of possession of marijuana with the intent to distribute in a school zone.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Osborne also contends that he received ineffective assistance of trial counsel. Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019).

In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Martinez*, 302 Neb. 526, 924 N.W.2d 295 (2019).

The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. The determining factor is whether the record is sufficient to adequately review the question. *State v. Sinkey*, 303 Neb. 345, 929 N.W.2d 35 (2019).

Osborne contends that he received ineffective assistance of trial counsel when his trial counsel (1) failed to conduct a proper pretrial investigation and (2) failed to file a motion to recuse the district court judge. Both of Osborne's arguments revolve around his trial counsel's failure to seek recusal of the district court judge. However, we have already determined that there was no basis for the district judge to recuse himself from Osborne's case. Defense counsel is not

ineffective for failing to raise an argument that has no merit. *State v. Martinez, supra*. Because Osborne cannot show deficient performance by his trial counsel, his claims of ineffective assistance of counsel fail.

CONCLUSION

We conclude that the district court did not err when the trial judge failed to recuse himself, and that the sentences imposed were not excessive. We further conclude that Osborne cannot establish deficient performance by his trial counsel, and his claims of ineffective assistance of counsel fail. Accordingly, Osborne's convictions and sentences are affirmed.

AFFIRMED.