Caril Ann FUGATE, a minor, by and through John McArthur, her guardian and next friend, Petitioner,

v.

Gladys ELLENSON, Respondent.

Civ. No. 798L.

United States District Court
D. Nebraska.

Dec. 30, 1964.

Merril R. Reller and John McArthur, Lincoln, Neb., for petitioner.

Mel Kammerlohr, Asst. Atty. Gen. of Nebraska, Lincoln, Neb., for respondent.

VAN PELT, District Judge.

This matter is before the court as a result of the request for oral argument filed by the respondent, the same being filing #4 herein. It is the contention of the State, as shown by its return to order to show cause, that the case of Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 should not be applied retroactively and the argument has been limited to that question.

This case is brought by the guardian and next friend of Caril Ann Fugate, a minor, for a writ of habeas corpus. Petitioner was plaintiff in error in the case of Fugate v. State of Nebraska, 169 Neb. 420, 99 N.W.2d 868, in which the Supreme Court of Nebraska affirmed the conviction on two counts of the defendant who was then fourteen years of age, on an information charging murder in the first degree.

It is the position of the State that if Escobedo is not to be applied in retrospect that the hearing of the Fugate case will be materially shortened. Petitioner's counsel, while contending there are other grounds for the issuance of the writ applied for, do not appear to seriously contest the claim that the length of the hearing would be shortened if the State's

contention was upheld. It seems unnecessary to discuss the holding of Escobedo in any detail except to say that the doctrine enunciated in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, relating to the appointment of counsel is extended under the circumstances of Escobedo to the time when the process shifts from an investigatory to an accusatory stage. When that stage is reached the accused must be permitted to consult a lawyer.

It is the contention of the State that the court should recognize the rule of Escobedo as being one to deter police action and in doing so should limit it, as most courts have done in applying Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, to a prospective application.

This court is not persuaded by the State's argument and believes that the purpose behind the doctrine of Mapp and Escobedo is not the same and that Escobedo is to be applied in retrospect.

But one court has thus far passed upon this question. An opinion of the Court of Appeals for the Ninth Circuit, by Judge Browning, for many years Clerk of the United States Supreme Court, Judge Hamlin dissenting, in the case of Wright v. Dickson, 9 Cir., 336 F.2d 878, holds that Escobedo is to be applied in retrospect.

The issue here argued in Fugate is before this court in several other cases which will be for trial shortly. If the State's contention is correct, many hearings will be shortened [1]. Court-appointed counsel in many habeas corpus cases will be saved much time and briefing if it can now be resolved in the Court of Appeals. The fact that court-appointed counsel serve in habeas corpus cases without

---

[1] A newspaper article appearing in the Omaha World Herald under date of November 29, 1964, written for the U.P.I. indicates that the controlling point in Fugate would have "significant legal implications on thousands of similar habeas corpus cases." It states that the Nebraska Justice Department fears "a retroactive finding could open up the doors of the state penal and correctional complex." This is referred to by the court because it substantiates the court's conclusion that this is a controlling question of law. This court does not believe that the decision will affect thousands of habeas corpus cases but does believe that it will affect this court's ruling in from five to fifteen cases now pending.

**46**

compensation is an added reason for a prompt and final determination of this issue.

It is ordered by the court that the motion of the respondent that the doctrine of Escobedo be not applied retrospectively in this case be and the same is hereby overruled and denied.

It is further ordered, and the court hereby states in writing, that the order of this court herein announced involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from such order will materially advance the ultimate termination of the litigation and if the court is in error in its conclusions herein announced can result in the saving of a great amount of the time of this court in this case and in several other cases pending in this court and the time of counsel appointed by the court for indigents in other cases, and that respondent should have the opportunity to apply to the United States Court of Appeals, Eighth Circuit, within ten days from the entry hereof for permission to take an appeal to said court from this order and ruling.