346 F.2d 151
 Gladys ELLENSON, as Superintendent of the Women's Reformatory at York, Nebraska, Appellant,
v.
Caril Ann FUGATE, a Minor by and Through John McArthur, Her Guardian and Next Friend, Appellee.
 No. 17935.
 United States Court of Appeals Eighth Circuit.
 June 4, 1965.
 
 Melvin Kent Kammerlohr, Asst. Atty. Gen. of Nebraska, Clarence A. H. Meyer, Atty. Gen. of Nebraska, Lincoln, Neb., for appellant.
 Merril R. Reller and John McArthur, Lincoln, Neb., for appellee.
 Before VOGEL, MATTHES and RIDGE, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an interlocutory appeal pursuant to 28 U.S.C.A. § 1292(b).
 
 
 2
 Caril Ann Fugate, a minor (appellee) is a Nebraska state prisoner. In November, 1958, she was found guilty of first degree murder in the District Court of Lancaster County, Nebraska, and was sentenced to life imprisonment. The judgment of conviction was affirmed by the Supreme Court of Nebraska. Fugate v. State, 169 Neb. 420, 99 N.W.2d 868 (1959), cert. denied 363 U.S. 851, 80 S.Ct. 1631, 4 L.Ed.2d 1733 (1960).
 
 
 3
 In this habeas corpus proceeding instituted in the United States District Court, District of Nebraska, appellee seeks release from the Women's Reformatory at York, Nebraska, where she is serving the sentence imposed upon her. The petition for writ of habeas corpus alleges in general that appellee's conviction was in violation of the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States. More particularly, it alleges incriminating statements were elicited from appellee after a formal complaint had been filed charging her with commission of the offense; that she was then without the aid and assistance of counsel and that the statements were improperly used in evidence against her.
 
 
 4
 Apparently the parties regarded the allegations in the petition as presenting the question whether Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) is to be given retroactive application. There was no evidentiary hearing conducted and the circumstances under which the incriminating statements were elicited are not before us. The district court, after oral argument, limited its review to a determination of the legal question and held that "Escobedo is to be applied in retrospect." The court stated that: "The issue here argued * * * is before this court in several other cases which will be for trial shortly," was of the view that the order finding Escobedo should be applied retroactively involves a controlling question of law, and made the certification prerequisite to an interlocutory appeal under 28 U.S.C.A. § 1292(b). Fugate v. Ellenson, D.C., 237 F.Supp. 44, 45 (1964).
 
 
 5
 Subsequent to the entry of the order appealed from (December 30, 1964) the Nebraska Legislature enacted Legislative Bill 836. This statute, which became effective on April 12, 1965, is a counterpart of 28 U.S.C.A. § 2255, and provides for post-conviction procedures for a prisoner in custody and claiming a right to be released on the ground that there was a denial or infringement of his rights so as to render the judgment void or voidable under the Constitution of Nebraska or the Constitution of the United States.
 
 
 6
 Very recently in another habeas corpus proceeding involving a Nebraska state prisoner, we took cognizance of the Nebraska post-conviction statute and remanded the proceeding to the district court with direction to dismiss without prejudice. Dabney v. Sigler, Warden of the Nebraska State Penitentiary, 8 Cir., 345 F.2d 710 (May, 1965). We are motivated to pursue that course here. We believe the Nebraska courts should be afforded the opportunity to fully explore the pertinent facts and circumstances and to review appellee's conviction in light of the standard and concept of the Supreme Court as enunciated in Escobedo. See, in addition to Dabney and the authorities therein cited, Henry v. State of Mississippi, 379 U.S. 443, 452, 453, 85 S.Ct. 564, 13 L.Ed.2d 408 (January, 1965), and Case v. State of Nebraska, 85 S.Ct. 1486 (May 24, 1965).[1]
 
 
 7
 The cause is remanded with directions to the district court to vacate the order appealed from and to dismiss the proceeding without prejudice to the right of Caril Ann Fugate to seek relief under the Nebraska post-conviction statute.
 
 
 
 Notes:
 
 
 [1]
 InCase, supra, Mr. Justice Clark, concurring, stated in part:
 "Believing that the practical answer to the problem is the enactment by the several States of post-conviction remedy statutes I applaud the action of Nebraska. This will enable prisoners to `air out' their claims in the state courts and will stop the rising conflict presently being generated between federal and state courts. * * *
 "I hope that the various States will follow the lead of Illinois, Nebraska, Maryland, North Carolina, Maine and Oregon in providing this modern procedure for testing federal claims in the state courts and thus relieve the federal courts of this ever-increasing burden." 85 S.Ct. at p. 1488 (May 24, 1965).