STATE OF NEBRASKA, APPELLEE, v. CARIL ANN FUGATE, APPELLANT.

144 N. W. 2d 412

Filed July 29, 1966.    No. 36259.

John McArthur and Merril R. Reller, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before CARTER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and MURPHY, District Judge.

BOSLAUGH, J.

The defendant, Caril Ann Fugate, was convicted of first degree murder in 1958 and sentenced to life imprisonment. The judgment was affirmed by this court in Fugate v. State, 169 Neb. 420, 99 N. W. 2d 868. A petition for a writ of certiorari was denied by the Supreme Court of the United States in Fugate v. Nebraska, 363 U. S. 851, 80 S. Ct. 1631, 4 L. Ed. 2d 1733.

While the first proceeding in error was pending in this court, the defendant filed a motion for new trial upon the ground of newly discovered evidence. The motion was overruled by the trial court and its order was affirmed by this court in Fugate v. State, 169 Neb. 434, 99 N. W. 2d 874.

In 1964, a proceeding was commenced in the United States District Court to obtain a writ of habeas corpus to release the defendant from imprisonment. See Fugate

v. Ellenson, 237 F. Supp. 44. While that proceeding was pending, the 1965 Legislature enacted L.B. 836, the Post Conviction Act, Chapter 29, article 30, R. S. Supp., 1965. As a result of this legislation, the proceeding in the United States District Court was dismissed without prejudice to the right of the defendant to seek relief under the new statute. See Ellenson v. Fugate, 346 F. 2d 151. The defendant then commenced this proceeding by motion filed in the district court.

The trial court granted the county attorney 5 days in which to show cause why a hearing should not be granted upon the defendant's motion. A return was filed which alleged, in substance, that the defendant's motion and the files and records in the case showed that the defendant was not entitled to any relief. Upon consideration of the motion, and the files and records in the case, the trial court found that the relief requested should be denied and the motion overruled. The defendant's motion for new trial was overruled and she has appealed.

The case is here for review upon the motion and the files and records of the case. In order for this court to review the order of the district court, it is necessary that the files and records of the case, which were considered by the district judge, be available to this court.

The praecipe filed by the defendant in the lower court requested that the transcript include the files and records of the case. However, the transcript filed in this court on this appeal contains only the motion of the defendant filed on June 23, 1965, and pleadings and orders filed after that date. Such a transcript alone is inadequate for the purpose of appellate review of the order entered in this case.

Although it is essential that the files and records of the case be available to this court in cases of this nature, it is not necessary that all of the files and records be copied and certified to this court as a part of the transcript. It is sufficient if the files and records of the case accompany the transcript and the transcript con-

tain a certificate by the district judge identifying the files and records as those which were considered by the court in ruling upon the motion.

In this case, at the request of this court, the files and records of the district court were transmitted to this court by the clerk of the district court. We believe this procedure should be followed in each case where an appeal is taken from an order denying an evidentiary hearing under the Post Conviction Act. Accordingly, we direct that in an appeal from an order denying an evidentiary hearing upon a motion filed under the Post Conviction Act, the files and records of the district court which were considered by the district judge in ruling upon the motion shall accompany the transcript filed in this court. The transcript in such a case shall contain a certificate of the district judge identifying the files and records as those which were considered in ruling upon the motion.

Section 29-3001, R. S. Supp., 1965, provides that a hearing shall be granted "Unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief * * *." The defendant contends that where a prisoner alleges facts which, if true, would entitle him to relief, a hearing must be granted upon the motion.

The federal statute (Title 28 U. S. C. A., § 2255, p. 563) contains a provision that a hearing shall be granted "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief * * *." Under this provision, the federal courts have held that a hearing is not required where the motion and the files and records of the case show that the prisoner is not entitled to relief. See, Hodges v. United States, 368 U. S. 139, 82 S. Ct. 235, 7 L. Ed. 2d 184; Butler v. United States, 340 F. 2d 63, certiorari denied, 382 U. S. 847, 86 S. Ct. 92, 15 L. Ed. 2d 87.

In State v. Woods, ante p. 282, 142 N. W. 2d 339, we held that the district court may adopt reasonable pro-

cedures for determining what the motion and the files and records show before granting a full evidentiary hearing. Where an issue of fact is readily determinable by reference to the files and records of the case, a hearing may be denied. State v. Losieau, *ante* p. 671, 144 N. W. 2d 406.

The defendant's motion alleges that she was taken into custody in Wyoming on January 30, 1958; that a complaint charging her with first degree murder had been filed on January 29, 1958, but that knowledge thereof was kept from her and she was not aware of the complaint; that she was induced by promises and threats to make statements and to waive her rights without assistance of legal counsel, although she had requested legal counsel and her requests were ignored; that at other times and occasions the defendant requested the assistance of legal counsel, but that her request was ignored and denied; that she was urged to make statements and did make statements; and that the statements elicited from her were used against her over objection and resulted in her conviction.

The motion further alleges that on February 3, 1958, the defendant was taken before the county judge and required to plead to a complaint without the assistance of counsel; that she was held at the Lincoln State Hospital for the purpose of frightening her; that as a result, her ability to resist the urging of the county attorney, deputy county attorney, and law enforcement officers was seriously impaired; that she was induced by trickery and deceit to write a letter which was used to induce a witness to testify aaginst her; that she was 14 years of age at the time of her trial and incapable of preserving or exercising her legal rights without the assistance of counsel; that she was denied effective aid of counsel because the court refused to permit legal counsel of her choice to participate in the trial; that false and inflammatory information concerning her was circulated during her trial; that false testimony was knowingly used

by the State against her; that one of the jurors at her trial had placed a wager to the effect that she would be sentenced to the electric chair; that his participation in the trial deprived her of a trial by an impartial jury; and that the cumulative effect of all of the circumstances alleged was to deprive the defendant of her constitutional rights.

The defendant's principal complaint centers around the use by the State of the statements which were obtained from her before she was represented by counsel. It has recently been determined that the rule of Escobedo v. Illinois, 378 U. S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977, is not retroactive and does not apply to cases in which the trial began before June 22, 1964. Johnson v. New Jersey, 384 U. S. 719, 86 S. Ct. 1772, 16 L. Ed. 2d 882. This does not prevent a review by post conviction procedure of the question of whether statements obtained from a defendant were made voluntarily. In such a review, all of the facts and circumstances involved may be considered. Davis v. North Carolina, 384 U. S. 737, 86 S. Ct. 1761, 16 L. Ed. 2d 895.

The defendant in this case was 14 years of age at the time that she was taken into custody January 30, 1958. She then had been charged with first degree murder. Counsel was not appointed for her until February 15, 1958. While the defendant was in custody, and before counsel had been appointed for her, she was questioned on a number of occasions and made statements which were introduced in evidence by the the State at her trial. There is nothing in the record which shows that these statements were other than voluntarily made. But this does not prevent the defendant at this time from obtaining a review as to the voluntariness of the statements through post conviction procedure upon evidence other than that which appears in the record.

The trial court determined in the first instance that the statements made by the defendant were voluntary.

See State v. Longmore, 178 Neb. 509, 134 N. W. 2d 66. By proper instruction, the issue of voluntariness was again submitted to the jury for its determination.

The issue was again raised in the motion for new trial, but abandoned in the error proceeding in this court. Under these circumstances, we do not believe that the defendant should be deprived of a post conviction review at this time upon the ground that the matter has been fully litigated.

The record fully sustains the action of the trial court in denying the defendant an evidentiary hearing upon the other allegations in the motion. These allegations are either vague and conclusory in nature, relate to matters which have been fully litigated previously, or are effectively disproved by the record.

The judgment of the district court is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.