STATE OF NEBRASKA, APPELLEE, V. CORELIA THREET, APPELLANT.

438 N.W.2d 746

Filed April 14, 1989.  No. 88-506.

Thomas M. Kenney, Douglas County Public Defender, and Timothy P. Burns for appellant.

Robert M. Spire, Attorney General, and Lynne R. Fritz for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

Defendant appeals from the denial of her petition for postconviction relief in the district court for Douglas County. Defendant was convicted of second degree murder and the use of a firearm in the commission of a felony in connection with the February 2, 1986, killing of Steven W. Johnson. Her conviction was affirmed in this court. *State v. Threet*, 225 Neb. 682, 407 N.W.2d 766 (1987).

On May 2, 1988, defendant filed a motion for postconviction relief, pursuant to the provisions of Neb. Rev. Stat. §§ 29-3001 to 29-3004 (Reissue 1985). In her motion, defendant set out 16 allegations and requested that a specific attorney outside of the public defender's office be appointed, that a judge other than the trial judge hear the motion, and that her sentence be vacated.

Section 29-3001 provides:

> Unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. . . .
>
> A court may entertain and determine such motion without requiring the production of the prisoner, whether or not a hearing is held.

The trial court did not hold an evidentiary hearing, but on May 12, 1988, entered a five-page order denying defendant's motion. Defendant timely filed a notice of appeal together with a poverty affidavit, and the trial court appointed the public defender to represent her on this appeal. In this court, defendant assigns a single error, contending that the trial court erred in not granting defendant an evidentiary hearing on her claim that she received ineffective assistance of counsel during her trial and appeal. We affirm.

An evidentiary hearing may be denied on a motion for

postconviction relief when the records and files in the case affirmatively establish that the defendant is not entitled to relief. *State v. Reddick*, 230 Neb. 218, 430 N.W.2d 542 (1988). In this case, the transcript and the 585-page trial bill of exceptions established that defendant is not entitled to relief.

Before we examine the sole error assigned, we note the other issues raised by defendant in her motion. Defendant alleges that there had been prosecutorial misconduct in this case, in that "[d]uring closing arguments the prosecutor conducted himself in such a way as to result in prosecutorial misconduct," and "[t]he prosecutor erred . . . in his closing remarks. Making derogatory remarks." The trial court determined, and we agree, that defendant's motion does not set out any facts, but only conclusions. We held in *State v. Turner*, 194 Neb. 252, 257, 231 N.W.2d 345, 349 (1975),

> In a proceeding under the Post Conviction Act the applicant is required to allege facts which, if proved, constitute a violation or infringement of constitutional rights and the pleading of mere conclusions of fact or of law are [sic] not sufficient to require the court to grant an evidentiary hearing.

See, also, *State v. Bradford*, 223 Neb. 908, 395 N.W.2d 495 (1986); *State v. Start*, 229 Neb. 575, 427 N.W.2d 800 (1988).

Apparently recognizing the above statement of law, defendant states in her motion that "[w]ithout the court records which would include motions presented in the first trial transcript, which I know to include errors, I'm unable to elaborate the issues." Again we agree with the trial court, whose order included the statement, "Had defendant wished to review the Bill of Exceptions in this case, same was available to her as it would be to any convicted defendant." The record does not show any request for the transcript, and appellant may not rely on her own inactivity to excuse the proper presentation of any claim she may have. See, *State v. Robinson*, 215 Neb. 449, 339 N.W.2d 76 (1983); *State v. Blue*, 223 Neb. 379, 391 N.W.2d 102 (1986).

We further note, as did the trial court, that allegations of prosecutorial misconduct are proper subjects for a direct appeal, not a postconviction hearing, and in the absence of a

direct appeal, the issue will not be considered in this hearing. *State v. Reddick, supra; State v. Painter*, 229 Neb. 278, 426 N.W.2d 513 (1988).

Defendant, in her motion, contends that her sentences were excessive. That point, too, should be raised in a direct appeal, and was not. In point of fact, in any event, the record shows the allegation of excessiveness of sentences is without merit. Defendant was convicted of murder in the second degree for killing a man who was a guest in her house and for using a firearm in so doing. The possible penalty for second degree murder is life imprisonment, and the possible penalty for using a firearm in the commission of a felony is 1 to 20 years' imprisonment. Defendant was sentenced to 30 years for second degree murder and 5 to 10 years for use of a firearm. Aside from the fact that the sentences were proper subjects for a direct appeal, both sentences are well within the statutory limits for such crimes and will not be disturbed in the absence of an abuse of the sentencing court's discretion. *State v. Cadwallader*, 230 Neb. 881, 434 N.W.2d 506 (1989); *State v. Bewley*, 229 Neb. 293, 426 N.W.2d 286 (1988).

Defendant then raises all the above matters in connection with her allegation that her trial and appellate counsel, chosen and paid for by defendant, was ineffective. She contends in her motion that her counsel was ineffective in failing to call enough character witnesses, but does not specify what witnesses should have been called and were not. The record shows that counsel called seven such witnesses. The record shows that defendant's privately engaged counsel ably and forcefully represented defendant throughout the pretrial motions, the 5-day trial, and the subsequent motions and sentencing, and ably filed and briefed defendant's appeal to this court.

In her motion for postconviction relief, plaintiff specifically requested that the Douglas County public defender not be appointed and requested a specific private lawyer. Defendant did not file a poverty affidavit at the time of her postconviction filings, and the court did not appoint an attorney at that time. After the trial court's order, the defendant filed a notice of appeal and a poverty affidavit, and the trial court appointed the public defender to represent her on this appeal. This court has

often said that a defendant is entitled to an attorney, but not always the specific attorney requested. *State v. Reddick*, 230 Neb. 218, 430 N.W.2d 542 (1988); *State v. McCoy*, 228 Neb. 178, 421 N.W.2d 780 (1988). There was no error in the refusal to appoint a specific attorney for defendant.

With regard to the issue of allegedly ineffective counsel, this court has said that to establish a successful claim of ineffective counsel, a defendant must prove (1) that her counsel's performance was deficient and (2) that such deficient performance prejudiced the defense, that is, a demonstration of reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Neal, ante* p. 415, 436 N.W.2d 514 (1989). In this case, since there was no evidentiary hearing, we must examine the allegations made by defendant in her motion to see if she alleged facts which, if proved, might establish those elements. In that examination, we again set out the controlling rule that in a proceeding under the Postconviction Act, a defendant is required to allege facts which, if proved, constitute an infringement of constitutional rights, and the pleading of mere conclusions of fact or law is not sufficient to require the trial court to grant an evidentiary hearing. *State v. Turner*, 194 Neb. 252, 231 N.W.2d 345 (1975); *State v. Bradford*, 223 Neb. 908, 395 N.W.2d 495 (1986).

Examination of defendant's motion in this case discloses no factual allegation as to her counsel's failure to render effective assistance of counsel. Typical of defendant's assertions is the allegation that "Defense Counsel did not procure witness and evidence that would have been favorable to Defendant nor did Defense Counsel utilize defense available to Defendant." What witnesses could have been procured or what evidence could have been adduced favorable to defendant is not set out. If defendant does not choose to specify what she is claiming, a trial court need not conduct a discovery hearing to determine if anywhere in this wide world there is some evidence favorable to defendant's position.

We have examined the record in this case. Defense counsel called 11 witnesses at the trial. Seven of them were witnesses as to defendant's good character. The other witnesses testified as

to some facts of the case. After all the defendant's witnesses are evaluated, the fact remains that upon the police arrival at the scene of the murder, defendant, acting in a belligerent manner, told the police, "I shot the mother fucker, I know I did but it was an accident." Her versions of the facts were first that she had fired in the air and later that she had fired out the door. The physical facts showed that decedent had been killed by a shot fired by defendant from defendant's back porch at decedent, who was in defendant's backyard on a level below the porch. The fact that the jury did not believe the shooting was an accident cannot be laid at able counsel's feet. Defendant's case was vigorously presented, and defendant has not alleged one fact as to counsel's alleged ineffectiveness.

The judgment of the trial court is affirmed.

AFFIRMED.