STATE OF NEBRASKA, APPELLEE, V.
BILLY RAY BILLUPS, APPELLANT.
641 N.W.2d 71

Filed March 29, 2002. No. S-00-631.

Amie C. Martinez, of Anderson, Creager & Wittstruck, P.C., for appellant.

Don Stenberg, Attorney General, and Susan J. Gustafson for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

This appeal arises from Billy Ray Billups' request for post-conviction relief pursuant to Neb. Rev. Stat. § 29-3001 et seq. (Reissue 1995). Billups alleged that his conviction violated his

right not to be placed in jeopardy twice for the same offense and that he received ineffective assistance of counsel. The district court denied postconviction relief without an evidentiary hearing, and Billups appeals.

## SCOPE OF REVIEW

■ A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Curtright*, 262 Neb. 975, 637 N.W.2d 599 (2002).

## FACTS

On August 22, 1994, prior to the filing of any criminal charges, the State filed a petition for disposition of seized property. The petition alleged that Billups was the owner of $3,376 in currency and $186 in food stamps. Billups' answer admitted that he owned the currency, but he claimed no ownership in the food stamps. After a hearing, the Lancaster County District Court entered an order on September 14, 1995, denying both the State's petition for forfeiture and Billups' claim to the currency. The court found that the State had failed to prove beyond a reasonable doubt that the seized property was used in violation of the law and that Billups had failed to prove by a preponderance of the evidence that he had an interest in the property.

On October 10, 1994, Billups was charged with three counts of the "Unlawful Manufacture/Distribution of Controlled Substance," a Class II felony, in violation of Neb. Rev. Stat. § 28-416(1) (Cum. Supp. 1994). An amended information was filed on July 3, 1995, which added charges of being an habitual criminal to all three counts. After Billups pled guilty to one count and the other two counts were dismissed, he was sentenced to a term of 20 to 30 years in prison. Billups appealed, and the Nebraska Court of Appeals sustained the State's motion for summary affirmance. See *State v. Billups*, 4 Neb. App. lii (No. A-96-010, Aug. 13, 1996).

In his motion for postconviction relief, Billups asserted that his constitutional rights had been violated and that he had received ineffective assistance of counsel when he entered a guilty plea to the criminal charge on the advice of counsel because he had previously been placed in jeopardy by the forfeiture action. In

support, Billups cited *State v. Franco,* 257 Neb. 15, 594 N.W.2d 633 (1999), *cert. denied* 528 U.S. 968, 120 S. Ct. 407, 145 L. Ed. 2d 317, and *State v. Spotts,* 257 Neb. 44, 595 N.W.2d 259 (1999). Billups claimed that a plea in bar to the information should have been filed rather than a plea of guilty and that, therefore, he did not knowingly, voluntarily, and intelligently waive his right against double jeopardy.

The district court found that Billups was procedurally barred from raising a double jeopardy claim and that although Billups knew his property had been subject to forfeiture, he failed to raise a double jeopardy claim at any time during the criminal prosecution or on direct appeal. The court noted that because this court did not apply the Double Jeopardy Clause to forfeiture proceedings until 1999 in *Franco,* trial counsel "had no reasonable basis upon which to make a double jeopardy challenge." It rejected Billups' contention that *Franco* and *Spotts* should be applied retroactively, because such an application would have a disruptive effect on the administration of justice. For these reasons, the court denied Billups' motion for an evidentiary hearing.

## ASSIGNMENTS OF ERROR

Billups assigns as error that the district court erred in taking judicial notice of the trial record in the forfeiture proceeding and in overruling his motion for an evidentiary hearing.

## ANALYSIS

We first address Billups' argument that the district court erred when it took judicial notice of the trial record in the forfeiture proceeding. At the hearing on the motion for an evidentiary hearing, the State asked the court to "take judicial notice of the files and records of the court . . . in the matter found at Docket 517, Page 175," which was the forfeiture action involving Billups. Billups objected to the court's taking judicial notice because that "was a separate case and a separate judge." This objection was overruled.

We find no merit to Billups' argument. He has not advised us how the district court erred when it took judicial notice of the trial record or how this prejudiced Billups in the present action. In *State v. Dandridge,* 255 Neb. 364, 370, 585 N.W.2d 433, 437 (1998), we stated:

The existence of court records and certain judicial acts reflected in a court's record are in accordance with § 27-201(2)(b)—facts which are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. A court may, therefore, judicially notice the existence of its records and the records of another court, but judicial notice of facts reflected in a court's records is subject to the doctrine of collateral estoppel or of res judicata.

Next, Billups argues that the district court erred in denying him an evidentiary hearing. A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Curtright*, 262 Neb. 975, 637 N.W.2d 599 (2002). Billups' argument is not so much that he is entitled to postconviction relief but that he is entitled to an evidentiary hearing to determine whether he is entitled to postconviction relief.

Billups asserts that in order to prove that his right against double jeopardy was violated, an evidentiary hearing must be held to establish that both the forfeiture action and the criminal prosecution arose out of the same set of facts. He also desires an opportunity to offer evidence to establish why he pled guilty, as opposed to going to trial, and to present information concerning his counsel's advice prior to entry of the plea.

 Billups was represented by the same counsel at trial and on direct appeal, and therefore, he is not procedurally barred from asserting a claim of ineffective assistance of counsel. The question presented is whether Billups should have received an evidentiary hearing in order to determine whether his counsel was ineffective. An evidentiary hearing on a motion for postconviction relief is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the state or federal Constitution. *State v. Soukharith*, 260 Neb. 478, 618 N.W.2d 409 (2000). An evidentiary hearing is not required when the motion alleges only conclusions of fact or law. *Id.* Further, when the motion properly alleges an infringement of the defendant's constitutional rights, an evidentiary hearing should still be denied when the records

and files affirmatively show that the defendant is entitled to no relief. *Id.*

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his defense. See *State v. Ildefonso*, 262 Neb. 672, 634 N.W.2d 252 (2001). In determining whether counsel's performance was deficient, the standard is whether an attorney, in representing the accused, performed at least as well as a lawyer with ordinary training and skill in the defense of a criminal case. See *State v. Dixon*, 237 Neb. 630, 467 N.W.2d 397 (1991).

Billups argues that his counsel should have raised the double jeopardy issue, even though the proceedings in the forfeiture action and the criminal case were brought in 1994 and this court's decisions in *State v. Franco*, 257 Neb. 15, 594 N.W.2d 633 (1999), *cert. denied* 528 U.S. 968, 120 S. Ct. 407, 145 L. Ed. 2d 317, and *State v. Spotts*, 257 Neb. 44, 595 N.W.2d 259 (1999), were not issued until 1999. Billups suggests that his trial counsel either should have anticipated the holdings in *Franco* and *Spotts* or should have raised the issue to preserve it for later review. He also asserts that based upon our decision in *State v. One 1987 Toyota Pickup*, 233 Neb. 670, 447 N.W.2d 243 (1989), *overruled, State v. Spotts, supra*, his counsel should have known in 1994 that Billups had been subjected to double jeopardy. In *One 1987 Toyota Pickup*, we held that the forfeiture statute, Neb. Rev. Stat. § 28-431 (Reissue 1995), was criminal in character and that double jeopardy principles applied.

In *One 1987 Toyota Pickup*, the defendant had been found guilty of unlawful manufacture and distribution of a controlled substance and possession of marijuana weighing more than 1 pound. Subsequently, his pickup was condemned in a forfeiture action brought by the State pursuant to § 28-431. The defendant appealed from both determinations, and the appeals were consolidated. We affirmed the criminal convictions, reversed the forfeiture, and remanded the cause for a new trial.

It was not until *Franco* that we addressed whether a prosecution for possession of a controlled substance with intent to

deliver, in violation of § 28-416(1)(a), and a separate forfeiture action under § 28-431 violated the defendant's double jeopardy protection as set forth in the 5th and 14th Amendments to the U.S. Constitution and article I, § 12, of the Nebraska Constitution. The trial court denied Franco's plea in bar because it concluded that the two proceedings involved two separate offenses under the test enumerated in *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932). Franco asserted that the trial court erred in denying his plea in bar because the Double Jeopardy Clauses prohibited the State from bringing a criminal proceeding against him after jeopardy had attached in a forfeiture action arising from the same set of facts. We reversed the trial court's denial of the plea in bar and remanded the cause with directions to dismiss. Prior to *Franco*, we had not decided whether a criminal drug charge and a forfeiture proceeding arising from the same factual occurrence could be tried as separate offenses in separate proceedings.

In *Parker v. Bowersox*, 188 F.3d 923 (8th Cir. 1999), *cert. denied, Parker v. Luebbers*, 529 U.S. 1038, 120 S. Ct. 1534, 146 L. Ed. 2d 348 (2000), the defendant, in seeking a writ of habeas corpus, argued that his trial counsel was ineffective in failing to object to a jury instruction which the Missouri Supreme Court later determined to be incorrect. The U.S. Court of Appeals for the Eighth Circuit held that counsel did not provide ineffective assistance by failing to anticipate the change in the law.

Several criminal defendants have sought habeas corpus relief based on their trial counsel's failure to object to jury composition under *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986). In *Batson*, the U.S. Supreme Court held that peremptory challenges cannot be used to exclude individuals from a jury on the basis of race. The Eighth Circuit has held that although the theory behind *Batson* may have been known to counsel at the time jury selection occurred, no ineffective assistance of counsel could be found when *Batson* itself had not been decided. "[C]ounsel need not 'anticipate a change in existing law' to render constitutionally effective assistance of counsel." *Carter v. Hopkins*, 92 F.3d 666, 670 (8th Cir. 1996), *cert. denied* 520 U.S. 1107, 117 S. Ct. 1113, 137 L. Ed. 2d 314 (1997). See, also, *Ruff v. Armontrout*, 77 F.3d 265 (8th Cir. 1996) (failure to

anticipate change in existing law does not amount to ineffective assistance of counsel), *cert. denied* 519 U.S. 889, 117 S. Ct. 226, 136 L. Ed. 2d 158; *Johnson v. Armontrout*, 923 F.2d 107 (8th Cir. 1991), *cert. denied* 502 U.S. 831, 112 S. Ct. 106, 116 L. Ed. 2d 75; *Horne v. Trickey*, 895 F.2d 497 (8th Cir. 1990).

In *Horne*, the court noted that defense attorneys had justifiably relied on the standard established by a case decided before *Batson*.

> As a reviewing court, we must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time," indulging a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."

*Horne*, 895 F.2d at 499, quoting *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

We conclude that Billups' trial counsel was not ineffective for failing to assert a double jeopardy challenge to the criminal charges based upon the fact that jeopardy attached when the State previously brought a forfeiture action against the $3,376 which Billups claimed he owned. Billups' counsel was not ineffective because he did not anticipate this court's decisions in *State v. Franco*, 257 Neb. 15, 594 N.W.2d 633 (1999), *cert. denied* 528 U.S. 968, 120 S. Ct. 407, 145 L. Ed. 2d 317, and *State v. Spotts*, 257 Neb. 44, 595 N.W.2d 259 (1999).

Since Billups has not shown any basis upon which this court could conclude that his counsel's performance was deficient, he has not sustained the first part of the test required under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Billups has not established any basis for postconviction relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. See *State v. Curtright*, 262 Neb. 975, 637 N.W.2d 599 (2002).

An evidentiary hearing was not necessary to establish whether the forfeiture action was factually related to the criminal prosecution or to determine why Billups pled guilty. Therefore, the district court was not clearly wrong in denying an evidentiary hearing on Billups' motion for postconviction relief.

## CONCLUSION

The district court did not err in taking judicial notice of the forfeiture action, nor did it err in denying Billups' motion for an evidentiary hearing. The judgment of the district court is affirmed.

AFFIRMED.