STATE OF NEBRASKA, APPELLEE, V.
JARON DEAN, APPELLANT.
645 N.W.2d 528

Filed June 7, 2002.   No. S-01-729.

JaRon Dean, pro se.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## I. NATURE OF CASE

Following a bench trial in 1993, JaRon Dean was found guilty of second degree murder and use of a firearm to commit a felony and sentenced to life imprisonment. This court affirmed Dean's convictions and sentences on direct appeal. See *State v. Dean*, 246 Neb. 869, 523 N.W.2d 681 (1994), *overruled on other grounds, State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998). Dean subsequently filed this postconviction action, alleging, inter alia, ineffective assistance of counsel and police and prosecutorial misconduct. The district court reviewed the files and records in this case and denied Dean's motion for postconviction relief without conducting an evidentiary hearing. We affirm.

## II. BACKGROUND

The facts surrounding the initial crime in this case are summarized below, but are set forth in greater detail in *State v. Dean, supra*. Following a dispute between Phillip Secret and Deron Haynes on October 22, 1992, a group of men including Secret and Dean surrounded a trailer inhabited by Haynes and repeatedly fired shots into a lighted section of the trailer. Witnesses and evidence indicated that Dean was present and armed with an AK-47 rifle. Police later found Haynes' body inside the trailer; the pathologist who performed the autopsy opined that Haynes' death resulted from a bullet fired from an AK-47 rifle.

While in custody, Dean, having been arraigned and appointed an attorney, asked to talk to Sgt. Gregory H. Sorensen. Sorensen confirmed that Dean was aware of his *Miranda* rights before talking with him. Dean and Sorensen discussed Haynes' murder: Dean asked about a plea bargain, stated that he did not know why he shot into the trailer but that he wanted to blame drug use for his actions, stated that he thought he was shooting high enough to miss anyone in the trailer, and stated that he thought the trailer was empty at the time of the shooting.

Dean pled not guilty to charges of first degree murder and use of a firearm to commit a felony. The district court's minutes reflect that Dean, with counsel present, waived his right to a jury trial. At Dean's bench trial, Sorensen repeated statements made by Dean during their conversation, after Dean unsuccessfully

attempted to suppress the statements made to Sorensen. The district court issued an order finding Dean guilty of second degree murder and use of a firearm to commit a felony. Dean received sentences of 25 years' to life imprisonment for the second degree murder count and 4 to 6 years' imprisonment on the firearm count, to be served consecutively. We affirmed the district court's order on appeal. See *id.* The same counsel represented Dean at trial and on direct appeal.

On June 19, 2000, Dean filed a verified motion to vacate and set aside the convictions and sentences, pursuant to the Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 1995). Dean's motion raised four primary issues: ineffective assistance of trial counsel, ineffective assistance of appellate counsel, denial of Dean's right to a jury trial, and prosecutorial and police misconduct. The State responded by filing a motion to deny evidentiary hearing and postconviction relief.

The district court held a hearing on March 16, 2001, at which the State appeared in court and Dean appeared pro se via telephone for consideration of the State's motion to deny Dean an evidentiary hearing. The State offered, and the court received in evidence, the complete bill of exceptions from the original trial and the court's minute entry from the initial proceedings through March 16. The court also took judicial notice of Dean's verified motion to vacate and set aside the convictions and sentences, and heard arguments of the parties. There was no testimony offered by either party, nor was this hearing purported to be an evidentiary hearing on Dean's motion for postconviction relief.

Thereafter, in an order issued on June 14, 2001, the district court concluded that Dean failed to demonstrate ineffectiveness of counsel or that his counsel's alleged ineffectiveness would have changed the outcome of the trial. Dean's motion alleged that counsel failed to properly question Sorensen, but the district court attributed counsel's decision to trial strategy within counsel's discretion and the standard of reasonableness. The district court also deemed trial counsel's decision to raise only certain issues on appeal to counsel's judgment, education, and expertise in trying and appealing cases of this nature. Finally, the district court determined that Dean waived his right to a jury trial on the record, which defeated Dean's allegation that his counsel did not

inform Dean of his right to a jury trial. The court concluded that Dean made no factual allegations that constituted a denial or infringement of Dean's due process rights. Thus, the district court denied Dean an evidentiary hearing and overruled Dean's motion for postconviction relief.

Further facts relating to Dean's assignments of error are set forth below as necessary.

## III. ASSIGNMENTS OF ERROR

Dean assigns, consolidated and restated, that the district court (1) erred in denying Dean an evidentiary hearing by concluding that Dean was not denied ineffective assistance of counsel, as counsel (a) did not allow Dean to testify, (b) failed to inform Dean of his right to a jury trial, (c) failed to adequately question Sorensen, and (d) was ineffective in processing his appeal; (2) erred in failing to consider Dean's allegations of prosecutorial misconduct; (3) abused its discretion by not determining the merits of Dean's postconviction motion before hearing the State's motion to deny an evidentiary hearing and failing to list the portions of the record used by the court in concluding that Dean was not entitled to relief; and (4) erred in identifying three witnesses as sergeants of the Lincoln Police Department when only one witness was a police officer.

## IV. STANDARD OF REVIEW

A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Billups*, 263 Neb. 511, 641 N.W.2d 71 (2002).

## V. ANALYSIS

In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *State v. Caddy*, 262 Neb. 38, 628 N.W.2d 251 (2001). The appellant in a postconviction proceeding has the burden of alleging and proving that the claimed error is prejudicial. *Id.* Although Dean assigns that the district court erred in refusing to grant him an evidentiary hearing, his argument often centers on his entitlement to relief.

We will consider Dean's arguments in light of whether he should have received an evidentiary hearing.

An evidentiary hearing on a motion for postconviction relief is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. *State v. Billups, supra.* An evidentiary hearing is not required when the motion alleges only conclusions of fact or law. *Id.* Further, when the motion properly alleges an infringement of the defendant's constitutional rights, an evidentiary hearing should still be denied when the records and files affirmatively show that the defendant is entitled to no relief. *Id.* See § 29-3001.

### 1. INEFFECTIVE ASSISTANCE OF COUNSEL

Dean raises four issues under his error assigning that he received ineffective assistance from his trial counsel: counsel refused to allow Dean to testify, did not inform Dean of his right to a jury trial, failed to adequately question Sorensen, and ineffectively processed Dean's appeal. To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. *State v. Billups, supra.*

### (a) Right to Testify

Dean argues that trial counsel violated Dean's right to testify by refusing to allow him to testify at trial. Dean alleges that counsel's refusal to let him testify violated his rights under the 5th, 6th, and 14th Amendments to the U.S. Constitution and article I, §§ 3 and 11, of the Nebraska Constitution.

At trial, however, Dean voluntarily waived his right to testify. Dean's counsel requested an on-the-record conference outside the presence of the State's counsel and the district court for the purpose of a confidential attorney-client communication regarding Dean's right to testify. Following a private conversation on the record between Dean and his attorneys, Dean's counsel requested that the record of the private conversation be sealed until Dean waived the attorney-client relationship; the district court ordered the record sealed until further order.

The district court then advised Dean of his right to testify under oath, which would subject him to cross-examination. Dean waived his right to testify, freely and voluntarily, with knowledge and understanding of the consequences. Dean acknowledged that there were no threats, force, promises, or inducements used to get him to waive his right to testify. Dean further acknowledged that he had consulted with his attorney about whether or not to testify and that he still waived his right to testify. The district court accepted Dean's waiver, and Dean's counsel rested his case.

In considering a motion for postconviction relief, the district court need not grant an evidentiary hearing if the motion and the files and records of the case affirmatively show that the defendant is not entitled to relief. See, *State v. Billups*, 263 Neb. 511, 641 N.W.2d 71 (2002); § 29-3001. The record affirmatively shows that Dean waived his right to testify. Therefore, the district court did not err in denying Dean an evidentiary hearing on this issue.

(b) Failure to Inform of Right to Jury Trial

Dean assigns that the district court erred in failing to grant an evidentiary hearing on the issue of whether Dean's counsel violated his right to a jury trial. Dean alleges that counsel never advised him of his constitutional right to a jury trial and that counsel allowed him to make an uninformed decision about a jury trial.

Dean pled not guilty to charges of first degree murder and use of a firearm to commit a felony at his arraignment on December 9, 1992, and trial was set for the jury term starting February 22, 1993. At the start of Dean's bench trial on July 26, the district court stated: "My notes show that on the 19th of July the defendant waived a jury and that we are now here for a bench trial." Dean's counsel agreed that that was his understanding. Dean admits that he waived his right to a jury trial on the record. At the hearing regarding the State's motion to deny Dean an evidentiary hearing, the judge's minutes were accepted into evidence without objection. The minutes reflect that on July 19, 1993, Dean appeared with his counsel and waived his right to a jury trial.

The decision to waive a jury trial is ultimately and solely the defendant's, and, therefore, the defendant must bear

the responsibility for that decision. *State v. Hansen*, 252 Neb. 489, 562 N.W.2d 840 (1997). Counsel's advice to waive a jury trial can be the source of a valid claim of ineffective assistance only when (1) counsel interferes with his or her client's freedom to decide to waive a jury trial or (2) the appellant can point to specific advice of counsel so unreasonable as to vitiate the knowing and intelligent waiver of the right. *Id.*

The State argues that the district court's finding that Dean waived his right to a jury trial on the record is not clearly erroneous. We agree. Dean's motion merely alleges that "trial counsel did not explain to defendant his right to be tried by a Jury of his peers." The district court considered Dean's right to an evidentiary hearing based on the files and records before the court, and Dean did not allege specific advice from counsel as part of his motion for postconviction relief. The district court did not err in determining that the files and records affirmatively showed that Dean knowingly and intelligently waived his right to a jury trial.

### (c) Failure to Adequately Question Witness

Dean argues next that counsel failed to adequately question Sorensen. The district court stated that Dean "has not set forth the specific questions that he wanted to have asked of the witness; therefore, he is only stating a conclusion." The State did not address Dean's allegations on this issue in its brief.

Dean's motion for postconviction relief claims that he informed trial counsel that Sorensen's testimony was false, and he offered counsel facts to discredit Sorensen with regard to Sorensen's alleged long-term relationship with Dean and Dean's statements made to Sorensen about Haynes' death. Dean alleges that counsel refused to use the information Dean offered, saying that it was not a good idea to question Sorensen's veracity. Dean asserts that counsel's failure to pursue these lines of questioning made counsel's assistance ineffective and prejudiced Dean's defense such that a different outcome would have occurred had counsel asked Sorensen the questions Dean requested.

Dean's motion for postconviction relief, however, does not specify the alleged falsities in Sorensen's testimony, but instead merely states, as a conclusion of fact, that Sorensen lied regarding

his past relationship with Dean and their conversation. An evidentiary hearing is not required when a postconviction motion alleges only conclusions of fact or law. *State v. Billups*, 263 Neb. 511, 641 N.W.2d 71 (2002).

This court has consistently required that a defendant make specific allegations instead of mere conclusions of fact or law in order to receive an evidentiary hearing for postconviction relief. For example, in *State v. Smith*, 256 Neb. 705, 592 N.W.2d 143 (1999), the defendant alleged that trial counsel was deficient in allowing comment upon the defendant's invocation of the right to remain silent, but we concluded that the defendant's motion did not state facts to support that conclusion—such as who made the comments, what comments were made, when the comments were made, and how the comments violated his rights. In *State v. Russell*, 239 Neb. 979, 479 N.W.2d 798 (1992), the defendant claimed ineffective assistance of counsel because counsel raised only frivolous issues on appeal, but this court determined that the defendant should not receive an evidentiary hearing because the motion merely stated the bald conclusion that his counsel presented frivolous arguments, rather than informing the court what those arguments were, or alleging facts from which the court could determine the frivolity of the issues presented on direct appeal. Finally, in *State v. Threet*, 231 Neb. 809, 438 N.W.2d 746 (1989), the defendant alleged that counsel was ineffective in failing to procure witnesses or utilize available evidence in the defendant's favor, but this court concluded that because the defendant did not specify what witnesses could have been procured or evidence adduced, the trial court need not conduct an evidentiary hearing.

As in the cases cited above, Dean did not include in his motion the specific questions that he wanted counsel to ask Sorensen, nor did Dean specifically delineate the evidence he expected to adduce or the matters upon which he alleges Sorensen lied. In particular, Dean did not allege how his counsel's performance was deficient in cross-examining Sorensen or how different questioning or strategy by counsel would have changed the outcome of his original trial. Because Dean did not set forth sufficient facts to support his bald conclusion that trial counsel was ineffective in questioning Sorensen, the

district court did not err in denying Dean an evidentiary hearing on this ground.

(d) Ineffective Processing of Appeal

Dean assigns that the district court erred in failing to grant him an evidentiary hearing on the allegation that counsel was ineffective in processing Dean's appeal. Dean claims that counsel did not raise any of the issues that he wanted to appeal and that Dean did not know the contents of the appeal until it was filed. Dean alleges that he indicated to counsel which issues he wanted to address on appeal, but counsel did not return his calls and filed an appellate brief without Dean's notice or approval. Dean states that he met with counsel once after the conviction and prior to the appeal, but the two did not meet again, despite counsel's promise to do so.

The State cites *State v. Williams*, 217 Neb. 539, 352 N.W.2d 538 (1984), for the proposition that it is counsel's province to select issues to be raised on appeal, while the defendant's role in the appeal is limited to an indication that he or she wishes to file an appeal. In *Williams*, the defendant argued ineffective assistance of counsel because counsel appealed some, but not all, of the issues the defendant requested. The defendant in *Williams* proclaimed 13 errors to be considered on appellate review of his conviction and sentence, 33 errors in his postconviction appeal, and 12 assignments of error on direct appeal. See *id.* This court concluded that counsel "selectively and effectively argued all material questions pertinent to Williams' conviction and sentence." *Id.* at 550, 352 N.W.2d at 544.

Dean, however, did not state in his motion for postconviction relief the errors that he wished to appeal; therefore, the district court lacked the information to evaluate the viability of the errors allegedly not appealed by Dean's counsel. *Williams* establishes that the failure to raise issues suggested by the defendant is not ineffective assistance of counsel per se, but *Williams* does not stand for the proposition that the strategic decisions of appellate counsel are not subject to examination.

In the instant case, however, it is not necessary to conduct this analysis—Dean's motion for postconviction relief does not state the specific assignments of error that he wished to present on

appeal. Without such, Dean presented the district court with a mere conclusion. As stated above, an evidentiary hearing is not required when a postconviction motion alleges only conclusions of fact or law. *State v. Billups*, 263 Neb. 511, 641 N.W.2d 71 (2002). We have already noted our precedent of requiring defendants to set forth specific allegations of fact in order to receive an evidentiary hearing. See, *State v. Smith*, 256 Neb. 705, 592 N.W.2d 143 (1999); *State v. Russell*, 239 Neb. 979, 479 N.W.2d 798 (1992); *State v. Threet*, 231 Neb. 809, 438 N.W.2d 746 (1989). Because Dean did not specifically set forth errors that counsel should have assigned on appeal, his claim of ineffective assistance fails on this ground, and the district court did not err in denying Dean an evidentiary hearing on this issue.

### 2. POLICE AND PROSECUTORIAL MISCONDUCT

Dean argues that the district court failed to consider his claims of police and prosecutorial misconduct in eliciting the testimony of Keith Williams and Gregory Pool. Williams testified at the earlier trial of Leonard Anderson, Jr., while Pool testified at Dean's trial; Williams, Anderson, and Pool were all present at Haynes' shooting. At Dean's trial, the court received the bill of exceptions from Anderson's trial into evidence. Dean claims that the prosecuting attorney, "in cahoots with the police department," intimidated and coerced Williams and Pool into testifying against Dean. Brief for appellant at 20. Dean presented the affidavits of Williams and Pool with his motion for postconviction relief as evidence that the prosecution allegedly intimidated them into perjuring themselves.

Williams' affidavit stated that his testimony at Anderson's trial was a byproduct of police intimidation and that he "[could] not testify that he ever saw [Dean]" at the scene of Haynes' murder. Williams' affidavit further asserted that his mental capacity at the time of Haynes' shooting was "befogged" due to "a heavy and incessant smoking of marijuana." Pool's affidavit stated that although he testified at Dean's trial that Dean was next to him firing an AK-47 rifle at the time of Haynes' shooting, he actually could not remember the incident due to his intoxication at the time and the darkness of the area. Pool's affidavit asserts that his trial testimony was tainted by coercion and he "could not and

can not testify under oath that he saw [Dean] firing an AK-47 rifle" into Haynes' trailer.

The State claims that contrary to Dean's allegations otherwise, the district court made a determination on the police and prosecutorial misconduct issue in its order:

> The Defendant has not set forth the specific questions that he wanted to have asked of the witness; therefore, he is only stating a conclusion. The questions which Defendant says counsel should have asked of various police officers were in fact asked. The Defendant's counsel effectively cross-examined Sergeants [sic] Sorensen, Williams and Pool.

As opposed to the language in the order above, Dean's motion did not claim that counsel should have asked Williams and Pool specific questions, but that Williams and Pool were coerced into false testimony by the police and prosecutors. However, as explained below, a determination by the district court in this regard is unnecessary.

At the time of trial, Dean could have cross-examined Williams and Pool regarding the information asserted in their affidavits, or this purported issue could have been raised in a posttrial motion or on appeal. Nowhere in his motion for post-conviction relief does Dean assert that the affidavits of Williams and Pool provide evidence that Dean could not have known or elicited at the time of trial. A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal. *State v. Al-Zubaidy*, 263 Neb. 595, 641 N.W.2d 362 (2002). Because Dean does not allege that he could not have raised this issue at trial or on direct appeal, he again merely states a conclusion of fact, which does not provide a sufficient basis for the granting of an evidentiary hearing. See *State v. Billups*, 263 Neb. 511, 641 N.W.2d 71 (2002).

Dean correctly notes that the district court did not specifically address the police and prosecutorial misconduct allegation. We, however, find this error to be harmless. See *State v. Morrow*, 237 Neb. 653, 660, 467 N.W.2d 63, 68 (1991) ("it is harmless error when a correct order is entered, although for an incorrect reason"). We determined above that Dean's request for an evidentiary hearing on the issue of police and prosecutorial misconduct is without merit. Despite the district court's failure to address this

particular issue, it concluded generally that Dean did not make any factual allegations that demonstrate a denial or infringement of his due process rights. Absent a specific allegation by Dean that he did not know of the alleged prosecutorial misconduct at the time of trial or direct appeal, the district court did not clearly err in denying Dean an evidentiary hearing on this ground.

### 3. DISTRICT COURT'S PROCEDURE IN CONSIDERING DEAN'S MOTION

Dean assigns two errors, consolidated for appeal, claiming that (1) the district court abused its discretion by allowing the State to file a motion to deny Dean an evidentiary hearing prior to determining that Dean was not entitled to postconviction relief and (2) the district court erred by not listing the portions of the record used in reaching its decision.

Dean argues that the district court's procedural handling of his postconviction motion denied Dean his rights to file an amended petition, receive an evidentiary hearing, and be represented by counsel. Under the Nebraska Postconviction Act, the district court has discretion to adopt reasonable procedures for determining what the motion and the files and records show, and whether any substantial issues are raised, before granting a full evidentiary hearing. See *State v. Flye*, 201 Neb. 115, 266 N.W.2d 237 (1978). Thus, we examine the district court's procedure in this circumstance under an abuse of discretion standard. A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *State v. Hamik*, 262 Neb. 761, 635 N.W.2d 123 (2001).

When a postconviction motion properly alleges an infringement of the defendant's constitutional rights, an evidentiary hearing should still be denied when the records and files affirmatively show that the defendant is entitled to no relief. *State v. Billups, supra*. Section 29-3001 allows for the denial of an evidentiary hearing if the court determines to its satisfaction from the files and records of the case that the prisoner is not entitled to relief. It is not unusual for a court to hold a hearing to determine which files and records the court may

review prior to considering the State's motion to deny a prisoner an evidentiary hearing. The district court's procedures did not unfairly deprive Dean of a substantial right, and we find no abuse of discretion in the manner in which the court conducted the hearing at issue.

Dean further argues that the district court erred in not listing the portions of the files and records used to make its determination to deny Dean relief, citing *State v. Fugate*, 180 Neb. 701, 144 N.W.2d 412 (1966), in support of his argument. In *Fugate*, 180 Neb. at 704, 144 N.W.2d at 414, this court directed:

> [I]n an appeal from an order denying an evidentiary hearing upon a motion filed under the Post Conviction Act, the files and records of the district court which were considered by the district judge in ruling upon the motion shall accompany the transcript filed in this court. The transcript in such a case shall contain a certificate of the district judge identifying the files and records as those which were considered in ruling upon the motion.

At the hearing on the State's motion to deny Dean an evidentiary hearing, the district court received into evidence the files and records of Dean's case. The certified bill of exceptions of the hearing identifies the records as the complete bill of exceptions of Dean's case, from the first hearing through the conclusion of Dean's trial, a copy of the judge's minutes from the first date through the March 16, 2001, hearing, and Dean's motion for postconviction relief and attached affidavits. The district court based its decision to grant the State's motion to deny Dean an evidentiary hearing on a review of the exhibits, i.e., the files and records of the case, admitted at the hearing.

We have before us the evidence adduced at the hearing on the State's motion to deny an evidentiary hearing for our consideration of Dean's appeal. Dean did not object to any of the exhibits received in evidence by the court on March 16, 2001. Dean's claim on appeal is without merit. The district court did not abuse its discretion in its procedure for reviewing the files and records in this case.

Finally, we have reviewed Dean's remaining assignment of error and determine that it is without merit.

## VI. CONCLUSION

We, therefore, conclude that the district court did not err in refusing to grant Dean an evidentiary hearing on the allegations in his motion for postconviction relief. The judgment of the district court is affirmed.

AFFIRMED.

WRIGHT, J., participating on briefs.